Marlow **HENDERSON**, Plaintiff,

v.

**EASTERN FREIGHT WAYS, INC.**, a New York Corporation, and Local Union No. 557, Freight Drivers and Helpers, International Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers of America, Defendants.

**Civ. A. No. 21124.**

United States District Court,
D. Maryland.

Aug. 17, 1971.

Peter S. Smith, Baltimore, Md., for plaintiff.

Kenneth F. Hickey, Washington, D. C., William W. Cahill, Jr., Theodore R. McKeldin, Jr. and Weinberg & Green, Baltimore, Md., for defendant Eastern Freight Ways, Inc.

Bernard W. Rubenstein and Edelman, Levin, Levy & Rubenstein, Baltimore, Md., for defendant Local Union No. 557, International Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers of America.

Stanley P. Herbert, Gen. Counsel, John de J. Pemberton, Jr., Deputy Gen. Counsel, David R. Cashdan, David W. Zugschwerdt and Lawrence J. Gartner, Washington, D. C., amicus curiae Equal Employment Opportunity Commission.

WATKINS, District Judge.

MEMORANDUM OPINION

On June 21, 1971, this court granted the motion to dismiss of defendant Eastern Freight Ways, Inc. (hereinafter

"Eastern"), filed June 1, 1970. Thereafter, it came to the attention of the court that the other defendant, Local Union No. 557, Freight Drivers and Helpers, International Brotherhood of Teamsters, Chauffeurs, Warehousemen & Helpers of America (hereinafter "the Union"), in its answer to the complaint, filed October 6, 1970, prayed the complaint be dismissed upon the ground, *inter alia*, that the complaint was not filed within thirty days after issuance of the statutory notice of right to sue. This ground was one upon which the court's order of June 21, 1971, was based. Accordingly, on June 29, 1971, the Union's prayer that the complaint be dismissed was granted. This memorandum supplements the court's orders of June 21, 1971, and June 29, 1971.

This action was commenced under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., which provides for relief against employment discrimination on the basis of race, color, religion, sex, or national origin. The Equal Employment Opportunity Commission (hereinafter "the Commission") sent the plaintiff a statutory, 30-day notice of right to sue the Union on May 22, 1969. This statutory notice of right to sue was the result of a charge the plaintiff filed with the Commission on May 21, 1968, alleging that the Union had been "black-balling" the plaintiff. In response to the plaintiff's request, the undersigned notified plaintiff by letter dated June 2, 1969, a copy of which is attached to plaintiff's memorandum filed July 1, 1970, that the court had appointed counsel to represent him who would "at least prepare a proper complaint so that it may be filed within 30 days of May 22, 1969." The complaint was not filed until August 21, 1969, approximately 90 days after issuance of the statutory, 30-day notice of right to sue.

The administrative history of plaintiff's charges of employment discrimination against the defendants is set out in full in the affidavit of the Commission's Washington Area Director, filed on February 11, 1970, in the Stipulation of Facts and Genuineness of Documents between the plaintiff and the defendant Eastern, filed on May 28, 1970, and in the various memoranda filed by the parties.

■ For its part, Eastern first contends that the court lacks jurisdiction as to it because the underlying charge filed with the Commission did not name Eastern as a party. As set out in its memorandum of June 1, 1970, Eastern's argument is as follows. The May 21, 1968, charge which was the basis for the issuance of the notice of right to sue by the Commission on May 22, 1969, and the commencement of the present action, did not name Eastern as a party, but only claimed black-balling practices by the Union. Eastern had no notice of this charge and was not a participant in any voluntary conciliation. Thus, there was no opportunity to attempt to effectuate voluntary compliance, the cornerstone of Title VII. The possible argument that an earlier charge filed with the Commission by the plaintiff against both Eastern and the Union on August 19, 1966, provides a basis for jurisdiction over this action is without merit. On August 22, 1969, when this action was filed, the August 10, 1966 charge remained rejected—albeit erroneously—for lack of jurisdiction. The August 1966, charge was not revived until February 3, 1970, some five months after the filing of the present action. Therefore, the statutory requirement of section 2000e–5(e) of 42 U.S.C., that "[A] civil action may * * * be brought against *the* respondent named in *the* charge * * * by the person claiming to be aggrieved," has not been met, since Eastern was not the respondent named in the May, 1968, charge which was the basis of the May, 1969, notice of right to sue.

Plaintiff agrees that a Title VII suit may not be filed if the plaintiff has failed to file a charge with the Commission or receive from that agency a statutory notice of right to sue. However, long before August, 1969, when the complaint was filed, plaintiff had charged

Eastern with racial discrimination. Therefore, according to the plaintiff's memorandum of July 1, 1970, Eastern was a respondent named in the charge by virtue of the August, 1966 charge filed with the Commission. Plaintiff does admit not having received the requisite statutory notice of right to sue Eastern as of August 22, 1969, but argues that the Commission's subsequent acknowledgment of its administrative error, the revoked closure of the August, 1966 charge, and the February 3, 1970 issuance of a notice of right to sue upon the August, 1966 charge supports the proposition that the February 3, 1970 notice should relate back to the filing of the suit in August of 1969. Alternatively, plaintiff contends that the court should view the August, 1969 complaint as having been filed on February 3, 1970. Plaintiff argues—incorrectly, in that the two charges were significantly different —that virtually the same complaint would have been filed after the February, 1970 notice, and that to view the case otherwise would amount to a meaningless triumph of form over substance.

In response to Eastern's first contention, the amicus curiae Commission was refreshingly brief, if not entirely adequate. In a footnote, the Commission, in its memorandum of July 6, 1970, states: "Eastern's first ground for summary disposition, i. e., that it has not been named as a respondent in a charge filed with the Commission, is without foundation in view of the conceded timeliness of plaintiff's August 10, 1966 charge."

The only authority cited by the plaintiff in support of his position is Brush v. San Francisco Newspaper Printing Co., 315 F.Supp. 577 (N.D.Cal.1970). However, the statement of the court in that case alluded to by the plaintiff, is clearly dictum, is within a footnote, does not clearly support the plaintiff's argument, and is without citation of authority. Accordingly, this court, if it were required to decide, would not accept plaintiff's argument. However, it is not necessary to rule directly on this question, as Eastern's second ground for dismissal, equally applicable to the Union, is dispositive.

Eastern's second reason for urging dismissal, joined in by the Union, is that the court lacks subject matter jurisdiction over this action in that it was not filed within 30 days after the issuance of the statutory notice of right to sue. Title 42 U.S.C., section 2005e–5(e) provides: "[T]he Commission shall so notify the person aggrieved and a civil action may, within thirty days thereafter, be brought against the respondent named in the charge * * * ". The May 22, 1969, notice of right to sue in this case, so notified plaintiff; however, the complaint was not filed until August 22, 1969, despite this court's letter to the plaintiff of June 2, 1969, specifically calling attention to the 30 day limitation. Also, communications from counsel *prior* and subsequent to the running of the statutory period, as well as communications from plaintiff himself, conclusively show, and the court finds as a fact, that the failure to file timely the complaint was primarily by plaintiff's unwillingness to work with counsel and his own dilatory behavior including the failure to appear for scheduled conferences.

Plaintiff cited three cases in opposition to the limitations ground for dismissal: McQueen v. E. M. C. Plastic Co., 302 F.2d 881 (E.D.Tex.1969); Witherspoon v. Mercury Freight Lines, 59 L.C. ¶ 9219 (S.D.Ala.1968); and Austin v. Reynolds Metals Co., 327 F.Supp. 1145 (E.D.Va.1970). Each of these cases is, however, readily distinguishable from the instant case, as in each case the delay was in no way attributable to the plaintiff. *McQueen* is factually different in that there the delay was caused by the death of the appointing judge and the illness of the appointed attorney's wife. In *Witherspoon,* the appointing judge specifically represented to the plaintiff—improvidently in this court's view—that he would consider the appointment of counsel as equivalent to the filing of the complaint. *Austin* is also

distinguishable. In that case, plaintiffs promptly applied for appointment of counsel, but no appointment was made by the court until after the passing of the 30 day limitations period.

Three cases are squarely against the plaintiff. Wilson v. Solo Cup Co., Inc., Misc. No. 643 (D.Md., September 25, 1969); Green v. Ford Motor Co., 70 L.R. R.M. 3180 (W.D.Okla.1969); and Goodman v. City Products Corp., 425 F.2d 702 (6th Cir. 1970). To this court, their facts more nearly parallel those here in that in each case the delay was contributed to by the plaintiff himself. Accordingly, this court reaches the same conclusion; viz. that 30 days means 30 days.

In its July 6, 1970, memorandum, Commission arguing on behalf of the plaintiff, took a novel approach, not pressed at oral argument. Its contention was that "within", as used in the phrase "within thirty days thereafter", meant "not longer in time than", or "not later than", and accordingly that the complaint filed on August 22, 1969, was filed within thirty days of February 3, 1970, the issuance date of the second notice of right to one. The Commission cited three cases in support of its contention in its supplemental memorandum letters of March 26, 1971 and May 3, 1971.

Stebbins v. Insurance Co. of N. America, Civil Action No. 2848–69 (D.D.C., June 30, 1970); Skinner v. Airco Reduction, Inc., Civil Action No. 70–1200 (E.D.La., Jan. 22, 1971); and Dodge v. Giant Food, Inc., Civil Action No. 96–71 (D.D.C., Apr. 16, 1971). The *Stebbins* case, although this court thinks it was wrongly decided, is factually inapposite. There the defendant conceded that the Commission's subsequent filing of a notice of right to sue cured the jurisdictional defect present when suit was filed. *Skinner* and *Dodge*, although perhaps indistinguishable, are without citation of authority, ignore congressional intent, and are rejected by this court. *See* Kendrick v. American Bakery Co., 58 L.C. ¶ 9146 (N.D.Ga.1968).

The additional brief submitted by the Commission at the hearing has also been reviewed by the court, but presents nothing new of significance.

 Accordingly, under all of the circumstances of this case, the court finds that plaintiff's failure to file the complaint within thirty days of receipt of the May 22, 1969 notice, or to refile within thirty days of receipt of the February 3, 1970 notice, defeats the court's jurisdiction and requires dismissal of the complaint.