332 F.Supp. 995 (1971)
Dorothy BRADY, Plaintiff,
v.
BRISTOL-MYERS, INC., Defendant.
No. 70 C 370(4).
United States District Court, E. D. Missouri, E. D.
September 30, 1971.
*996 Louis Gilden, St. Louis, Mo., for plaintiff.
George S. Hecker, St. Louis, Mo., for defendant.

MEMORANDUM
WANGELIN, District Judge.
This matter is before the Court on defendant's motions to dismiss on the grounds that this Court lacks jurisdiction, and for failure to state a claim upon which relief can be granted, or, in the alternative for summary judgment.
Plaintiff brings this action against her former employer, defendant Bristol-Myers, for alleged discrimination employment practices resulting in her discharge in violation of Title VII of the *997 Civil Rights Act of 1964, 42 U.S.C. § 2000e-2(a) (1) and (2) (hereinafter referred to as "Act"), and 42 U.S.C. § 1981.
Plaintiff alleges that she was discharged on April 19, 1968, for the assigned reasons of poor production and attitude, while in fact, she was discriminated against on the basis of her race in that the defendant used different standards to evaluate her than were used to evaluate white employees, resulting in her discharge. Plaintiff seeks a finding of discriminatory employment practices, and injunction against defendant's engaging in such employment practices, reinstatement with back pay, and attorney's fees and costs.
The history of this cause is essentially undisputed. In May, 1968, plaintiff filed a charge of discrimination with the Missouri Commission on Human Rights. After the required 60-day period of deferral, the charge was filed with the Equal Employment Opportunity Commission (hereinafter referred to as the "EEOC"). Plaintiff alleges that the EEOC made a finding of reasonable cause to believe that the defendant had violated the Act. Defendant contends that no finding of reasonable cause by the EEOC was ever made. By affidavit, Charles E. Clark, Field Director of the Kansas City Area office of the EEOC, states that the investigator recommended that such a finding be made, but that no such finding was ever made by the EEOC. The EEOC attempted conciliation which failed. On June 22, 1970, the EEOC notified the plaintiff that she could institute a civil action in the federal court within 30 days. On July 22, plaintiff submitted the following items to the office of the clerk of this Court: 1) a letter signed by plaintiff stating, "I wish to file this letter as a complaint, in order to stop the running of the 30-day period afforded me for filing a suit pursuant to Section 706(e) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e-5(e). The enclosed memorandum from the General Counsel of the Equal Employment Opportunity Commission, indicates that this is the proper procedure for me to follow", and a request for appointment of counsel; 2) the memorandum referred to in the letter: 3) the Notice of Right to Sue Within 30 Days which plaintiff received from the EEOC on June 22, 1970; 4) an application for leave to file an action under Title VII of the Civil Rights Act of 1964, without payment of fees, cost or security for the appointment of counsel; 5) an "Affidavit of Attempt to Secure Counsel"; and 6) an affidavit of financial status.
Also filed on date of July 22, 1970, is a memorandum signed by Sandra Neese, regional counsel of the EEOC at Kansas City, stating that she prepared all of the papers for the plaintiff to file; that she does not represent the plaintiff, but that she filed the papers for the plaintiff in order that the plaintiff might have an action filed within 30 days.
Also of date of July 22, 1970, is a clerk's memorandum which states that at the direction of Judge Meredith the application for leave to file action under Title VII of the Civil Rights Act, "etc. with attachments filed and delivered to Judge Harper."
On November 6, 1970, plaintiff, by privately retained counsel, filed a "Complaint Under Equal Employment Opportunity Act". Thereafter an amended complaint was filed. The amended complaint alleges two causes of action, one arising under Title VII of the Civil Rights Act of 1964, and the other arising under 42 U.S.C. § 1981.
The initial issues presented by defendant's motions are: 1) whether this action was brought within the 30-day period of limitations as set out in 42 U.S.C. § 2000e-5(e); and if so, 2) whether a finding of reasonable cause by the EEOC is a jurisdictional prerequisite to this action.
Section 706(e) of the Act, 42 U.S.C. § 2000e-5(e) provides:
"(e) If within thirty days after a charge is filed with the Commission or within thirty days after expiration *998 of any period of reference under subsection (c) of this section (except that in either case such period may be extended to not more than sixty days upon a determination by the Commission that further efforts to secure voluntary compliance are warranted), the Commission has been unable to obtain voluntary compliance with this sub-chapter, the Commission shall so notify the person aggrieved and a civil action may, within thirty days thereafter, be brought against the respondent named in the charge (1) by the person claiming to be aggrieved, or (2) if such charge was filed by a member of the Commission, by any person whom the charge alleges was aggrieved by the alleged unlawful employment practice. Upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant and may authorize the commencement of the action without the payment of fees, costs, or security. Upon timely application, the court may, in its discretion, permit the Attorney General to intervene in such civil action if he certifies that the case is of general public importance. Upon request, the court may, in its discretion, stay further proceedings for not more than sixty days pending the termination of State or local proceedings described in subsection (b) of this section or the efforts of the Commission to obtain voluntary compliance."
Rule 3, Federal Rules of Civil Procedure, provides: "A civil action is commenced by filing a complaint with the court." Rule 8(a), F.R.Civ.P. provides:
"A pleading which sets forth a claim for relief * * * shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief to which he deems himself entitled. * * *"
It is clear that the papers filed by plaintiff on July 22, do not comply with the standards set out in Rule 8(a). And, it would seem that a document in conformance with Rule 8(a) is required by Rule 3 in order to commence an action in this court.
However, it is not the plaintiff's position that the papers filed by her on July 22, satisfied the requirements of a complaint within the meaning of the Federal Rules of Civil Procedure. Rather, plaintiff contends that the filing of the Notice-of-Right-to-Sue letter and the request for appointment of counsel, tolled or otherwise satisfied the requirement that suit be commenced within thirty days from receipt of the Notice.
The 30-day period of limitations is mandatory, and not directory. Goodman v. City Products Corporation, 425 F.2d 702 (6th Cir. 1970); see, Choate v. Caterpillar Tractor Co., 402 F.2d 357 (7th Cir. 1968); Mondy v. Crown Zellerbach Corp., 271 F.Supp. 258 (D.C.La. 1967), rev'd on other grounds, Oatis v. Crown Zellerbach Corp., 398 F.2d 496 (5th Cir.); see, generally 4 A.L.R.Fed. § 12(a), p. 833. In the Goodman case, the court stated:
"The limitations period applicable to the filing of a lawsuit of this nature is governed by § 706(e) of the Act [42 U.S.C. § 2000e-5(e)], this section providing in relevant part as follows:
`* * * The Commission shall so notify the person aggrieved and a civil action may, within 30 days thereafter, be brought against the respondent named in the charge * * *.'
* * * * * *
"While uncertainties and ambiguities may exist in regard to other time limitations provided in the Civil Rights Act of 1964, there appears no such uncertainty or ambiguity with *999 regard to the 30 day limitation here involved. The statute clearly provides that `* * * a civil action may, within 30 days thereafter, be brought * * *.' The permissive verb `may' refers to the option of the aggrieved party to bring a lawsuit, not to a discretion in the Court to receive the case following the expiration of 30 days. A similar conclusion was reached in the case of Choate v. Caterpillar Tractor Co., 402 F.2d 357 (C.A. 7, 1968).
"As regards judicial extension of the time limitation to further the remedial purpose of the legislation, it is sufficient to cite the following language from the United States Supreme Court case of Kavanagh v. Noble, 332 U.S. 535, 68 S.Ct. 235, 92 L. Ed. 150 (1947), where, in dealing with a limitation provision in the tax law, the Court had this to say:
`Such periods are established to cut off rights, justifiable or not, that might otherwise be asserted and they must be strictly adhered to by the judiciary. Rosenman v. United States, 323 U.S. 658, 661, 65 S.Ct. 536, 89 L.Ed. 535. Remedies for resulting inequities are to be provided by Congress, not the courts.'
"Finally, as regards the appellant's contention that the 30 day limitation should here be extended on general equitable principles, suffice it to say that there is no allegation or showing in the record of circumstances justifying a tolling of the statute on recognized equitable principles. The rights here sought to be asserted are of a statutory nature. Compliance with the statutory requirements is a prerequisite to the institution of a civil action based on the statute. The judgment of the District Court will be affirmed."
It is the opinion of the Court that plaintiff is required to commence her action under Title VII of the 1964 Act within thirty days after receipt of the Notice of Right to Sue, and that the complaint filed on November 6, 1970, is untimely under the terms of the Act. It is also the opinion of the Court that the papers filed by plaintiff on July 22, 1970, do not constitute the filing of a complaint such as would "commence" this civil action.
The question remains whether the filing of the Notice of Right to Sue and the application for appointment of counsel filed on July 22, operated in some way to toll the statutory limitations period.
Plaintiff has cited a number of cases in which district courts have held that the filing of a letter application by plaintiff within the 30-day period was sufficient to institute the action. However, in each case the court, within the 30-day period, took some action upon which the plaintiff relied or other extenuating circumstances existed. Austin v. Reynolds Metal Company, 327 F.Supp. 1145 (E.D.Va.1970); or McQueen v. E. M. C. Plastics Company, 302 F.Supp. 881 (E.D.Tex.1969); Witherspoon v. Mercury Freight Lines, 1 FEP Cases 662, 59 L.C. ¶ 9219 (S.D.Ala.1968); Gray v. Wilberforce University, No. 3958 (S.D.Ohio 1971); Prescod v. Ludwig Industries, 325 F.Supp. 414 (N.D. Ill.1971); Island v. Grainger, Inc., FEP Cases 647 (N.D.Okl.1971); Torockio v. Chamberlain Manufacturing Co., 328 F. Supp. 578 (W.D.Pa.1971); Burks v. Vanns' Baking Corporation, 3 FEP Cases 620 (W.D.Tenn.1971).
No such extenuating circumstances exist in this case. We think the better view is advanced by those courts who have refused to circumvent the plain and unambiguous language of the statute requiring an action of this type to be commenced ("filed") within the 30-day period. Goodman v. City Products Corporation, supra; Davis v. Boeing Company, 2 FEP Cases 62, 60 L.C. ¶ 9312 (W.D. Wash.1969); See, Sanders v. Dobbs Houses, Inc., 431 F.2d 1097 (5th Cir. 1970); McClendon v. North American Rockwell Corp., 2 FEP Cases 593, 63 L.C. ¶ 9464 (C.D.Cal.1970); Gilbert v. Wescar Terminals, Inc., 2 FEP Cases *1000 803, 63 L.C. ¶ 9466 (C.D.Cal.1969); Chappelle v. Winn-Dixie Greenville, Inc., 2 FEP Cases 1029 (D.S.Car.1970); Green v. Ford Motor Company, 1 FEP Cases 706, 59 L.C. 9220 (W.D.Okl. 1969).
It is the opinion of the Court that the papers filed by plaintiff on July 22, did not toll the statutory period of limitations; and, that if this Court were empowered to judicially extend the express statutory limitation upon any principles of equity, the circumstances of this case do not justify such an extension. Plaintiff, therefore, has failed to timely file this action and this Court is without jurisdiction to proceed with respect to plaintiff's claims arising under the 1964 Civil Rights Act.
In view of the above finding, it is unnecessary to discuss whether or not a finding of "reasonable cause" in accordance with Section 706(a) and (e) of Title VII of the Civil Rights Act of 1964 (42 U.S.C. § 2000e-5(a) and (e) is a jurisdictional prerequisite of the filing of this action).
Defendant's motion to dismiss or for summary judgment will be granted with respect to plaintiff's claim for relief based upon alleged violations of Title VII of the Civil Rights Act of 1964.
Defendant has moved this Court to dismiss plaintiff's claim for relief based upon alleged violation of 42 U.S.C. § 1981, contending that § 1981 does not apply to purely private racial discrimination in employment.
The issue presented by defendant on this motion has not been reached or expressly ruled upon by either the Eighth Circuit Court of Appeals or the United States Supreme Court.
Section 42 U.S.C. § 1981 provides:
"All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other."
In Jones v. Alfred H. Mayer Co., 392 U.S. 409, 88 S.Ct. 2186, 20 L.Ed.2d 1189 (1968) the United States Supreme Court held that 42 U.S.C. § 1982 which, like 42 U.S.C. § 1981, was derived from Section One of the Civil Rights Act of 1866 as reenacted by the Civil Rights Act of 1879, prohibited private racial discrimination in the purchase and sale of real property. In the course of the majority opinion, Justice Stewart said of the Civil Rights Act of 1866:
"In light of the concerns that led Congress to adopt it and the contents of the debates that preceded its passage, it is clear that the Act was designed to do just what its terms suggest: to prohibit all racial discrimination, whether or not under color of law, with respect to the rights enumerated thereinincluding the right to purchase or lease property."
It seems that in Jones v. Alfred H. Mayer Co., the Supreme Court implied, (Id. 392 U.S., at 441, n. 78, 88 S.Ct. 2186), that 42 U.S.C. § 1981 applies to purely private racial discrimination in the making and enforcing of contracts, including employment contracts. And, in Griffin v. Breckenridge, 403 U.S. 88, 91 S.Ct. 1790, 29 L.Ed.2d 338 (1971), the Supreme Court held that § 1985 does not require action "under color of state law" but reaches purely private conspiracies aimed at invidiously discriminatory deprivation of the equal enjoyment of rights secured to all by law.
Three Circuit Courts of Appeals have to date expressly held that § 1981 applies to private racial discrimination in employment. Waters v. Wisconsin Steel Works of International Harvester Co., 7 Cir., 427 F.2d 476, 481-488 (7th Cir. 1970), Sanders v. Dobbs Houses, Inc., 431 F.2d 1097 (5th Cir. 1970), Cert. denied 1971, 401 U.S. 948, 91 S.Ct. 935, 28 L.Ed.2d 231; Young v. International Telephone and Telegraph Company, Nesbitt *1001 Division, 438 F.2d 757 (3rd Cir. 1971).
This Court has held that 42 U.S.C. § 1981 applies to purely private actions to enforce the equal benefit and protection of laws for the security of persons and property. Central Presbyterian Church v. Black Liberation Front, 303 F.Supp. 894 (E.D.Mo.1969); Gannon v. Action, 303 F.Supp. 1240 (E.D.Mo.1969). In the latter case this Court said at p. 1244:
"The Jones case deals with 42 U.S. C. § 1982. The holding and logic of that case should be applied to the other sections of the Civil Rights Act enacted at the same time."
The arguments against the applicability of § 1981 to suits for purely private discriminatory employment practices are set out in a thorough and well-reasoned opinion in Smith v. North American Rockwell Corporation, Tulsa Division, 50 F.R.D. 515 (N.D.Okl.1970): (1) in its debates upon Title VII of the Civil Rights Act of 1964 Congress gave no hint that the Civil Rights Act of 1866 has rendered unlawful private discrimination in employment, (2) Title VII of the Civil Rights Act of 1964 preempted the subject matter, (3) Title VII is prospective in application, (4) Title VII is more inclusive and comprehensive than § 1981, (5) Title VII provides for administrative investigation, conciliation and enforcement not provided by § 1981(6) federal courts have failed to formulate applicable periods of limitations, remedies, standards of relevance for discovery and defining of issues.
With due regard to Waters, Sanders, and Young, we again note that neither this court, the Eighth Circuit Court of Appeals, nor the United States Supreme Court has ruled on the precise issue. While this court has held that § 1981 is applicable to purely private discrimination with respect to the security of persons and property, (Central Presbyterian Church v. Black Liberation Front, supra, Gannon v. Action, supra), neither case involves employment practices, an area thoroughly regulated by Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e et seq.
It is the opinion of this Court that 42 U.S.C. § 1981 does not provide an independent jurisdictional ground for plaintiff's claim for relief. Title VII is more comprehensive and far more specific than § 1981. To permit § 1981 to function as a jurisdictional ground independent of Title VII would nullify the purpose and function of Title VII. The Court, in Smith v. North American Rockwell Corporation, Tulsa Division, supra at 520-521, stated:
"* * * the statute provides administrative investigation, conciliation and enforcement, as well as litigation in the United States District Courts, in an elaborate structure of procedures which evidences a statutory purpose favoring administrative investigation and conciliationnot merely litigation. This statutory purpose and the complicated combination of administrative action and litigation have both received widespread judicial recognition and approval. See e. g., Cunningham v. Litton Industries, 413 F.2d 887 (9th Cir. 1969), and cases cited therein. The claim as stated in the present action ventures into one of the most sophisticated and difficult areas which must be explored under the machinery of Title VII as enacted by Congress. Adjudication of the instant controversy requires a series of complex judgments and determinations whether employees each with different abilities, skills, qualifications and seniority in employment have been treated and judged by individual supervisors on a basis which does not involve their race. Each of the plaintiffs here was an employee with a different job, with different limitations, and different supervision, in different departments of the defendant corporation. Any construction of 42 U.S.C. § 1981 as a jurisdictional basis for judicial decision in this complicated area of employment practices would be an insupportable *1002 avoidance of the evident purpose and meaning of Title VII of the Civil Rights Act of 1964 and particularly of the elaborate administrative and litigative machinery provided thereunder."
This Court agrees.
In the present case, there is no indication that the defendant acted or failed to act under "color of state law". This Court concludes that, absent a ruling by the Supreme Court or the Eighth Circuit Court of Appeals on the issue, it cannot properly extend the ruling of Jones v. Alfred H. Mayer Co., supra, to reach the result sought by plaintiff. Rather, we hold that 42 U.S.C. § 1981 does not provide an independent jurisdictional base for this action alleging purely private racial discrimination in employment practices. Defendant's motion to dismiss or for summary judgment will be granted with respect to plaintiff's claim for relief based upon 42 U.S.C. § 1981. This Court lacks jurisdiction.
In view of the foregoing, it is unnecessary to discuss defendant's motion to strike.