Katherine M. HARRIS, Plaintiff-Appellant,

v.

NATIONAL TEA COMPANY, Defendant-Appellee.

No. 71–1236.

United States Court of Appeals, Seventh Circuit.

Dec. 21, 1971.

Lawrence J. Gartner, Equal Employment Opportunity Comm., Washington, D. C., Richard H. Trais, Chicago, Ill., Stanley P. Hebert, Gen. Counsel, John de J. Pemberton, Jr., Deputy Gen. Counsel, Julia P. Cooper, Chief, Appellate Section, Equal Employment Opportunity Comm., Washington, D. C., for plaintiff-appellant.

Thomas A. Gottschalk, Joseph B. Wollenberger, Chicago, Ill., for defendant-appellee; Kirkland, Ellis, Hodson, Chaffetz & Masters, Chicago, Ill., of counsel.

Before MAJOR and HASTINGS, Senior Circuit Judges, and KERNER, Circuit Judge.

MAJOR, Senior Circuit Judge.

Katherine M. Harris (appellant) filed administrative charges with the Equal Employment Opportunity Commission (EEOC or Commission) in 1969, alleging that National Tea Company (appellee) violated Title VII of the 1964 Civil Rights Act, 42 U.S.C.A. Par. 2000e et seq. (the Act), by discriminating against her in employment because of her sex. We need not particularize the proceedings before the Commission as they are not involved in the instant appeal.

Section 706(e) of the Act provides:

"If within thirty days after a charge is filed with the Commission * * *, the Commission has been unable to obtain voluntary compliance with this subchapter, the Commission shall so notify the person aggrieved and *a civil action may, within thirty days thereafter, be brought against the respondent named in the charge* * * *."
(Italics supplied.)

Pursuant to this provision, EEOC on June 24, 1970, issued to appellant a right-to-sue notice entitled, "Notice of right to sue within 30 days," by which she was advised, among other things, "* * * you are hereby notified that you may within thirty (30) days of receipt of this communication, institute a civil action in the appropriate Federal District Court. If you are unable to retain an attorney, the Federal District Court is authorized in its discretion to appoint an attorney to represent you and to authorize commencement of the suit without payment of fees, costs or security."

Dates material on this appeal are as follows: On June 29, 1970, appellant pro se petitioned the district court for the appointment of an attorney, which on July 1 was denied. On July 30, appellant again petitioned the court for the appointment of an attorney, which was allowed, and an attorney appointed. On September 17, 1970, the complaint was filed by her appointed attorney. Thus, the first application for appointment of an attorney was 6 days after receipt of the right-to-sue notice, the second application 36 days after receipt of such notice and 6 days after the expiration of the 30-day period. The complaint was filed 85 days after receipt of the right-to-sue notice, and 47 days after July 30, when an attorney was appointed.

In this court, EEOC appeared as amicus curiae and was given leave to file a brief and present oral argument. Appellant adopted the brief of EEOC, which stated the issues for review:

"1. Did Appellant Katherine M. Harris satisfy the jurisdictional requirements of Section 706(e) of Title VII of the 1964 Civil Rights Act, 42 U.S.C. Par. 2000e–5(e), by petitioning the lower Court for appointment of counsel and waiver of costs within 30 days of receipt of her statutory Notice-of-Right-to-Sue? * * *

"2. Assuming, *arguendo*, that Appellant's petition for appointment of counsel satisfied Section 706(e), does she then have a reasonable time after

appointment of counsel in which to file her complaint?"

After a careful appraisement of the factual situation and a study of the many cases called to our attention, we reach the conclusion that the answer to the first issue must be "no." This appears to eliminate the second issue or, in any event, render it of little importance.

Appellee, pursuant to Rule 12 Federal Rules of Civil Procedure, moved to dismiss the complaint with prejudice for the reason that the court lacked jurisdiction of the subject matter. The motion was allowed, and from the order of dismissal the appeal comes to this court.

While perhaps not in dispute, it is well to keep in mind that the 30-day limitation period is jurisdictional. As was stated in Goodman v. City Products Corp. etc., 425 F.2d 702, 703 (CA–6):

"The statute clearly provides that '* * * a civil action may, within thirty days thereafter, be brought * * *.' The permissive verb 'may' refers to the option of the aggrieved party to bring a lawsuit, not to a discretion in the Court to receive the case following the expiration of 30 days."

In Choate v. Caterpillar Tractor Co., 402 F.2d 357, 359, this court stated:

"A close reading of the statute indicates that there are only two additional jurisdictional prerequisites for such commencement: first, a notification to the aggrieved party by the Commission that it has been unable to obtain voluntary compliance and, second, *the action must be filed within thirty days after the notification.*" (Italics supplied.)

The effect to be given a limitation period contained in a statutory enactment is aptly stated in Kavanagh v. Noble, 332 U.S. 535, 539, 68 S.Ct. 235, 237, 92 L.Ed. 150:

"Such periods are established to cut off rights, justifiable or not, that might otherwise be asserted and they must be strictly adhered to by the judiciary. Rosenman v. United States, 323 U.S. 658, 661 [65 S.Ct. 536, 538, 89 L.Ed. 535]. Remedies for resulting inequities are to be provided by Congress, not the courts."

The same section of the Act (heretofore quoted) which confers jurisdiction upon the court during the 30-day period after a complainant has received notice of right-to-sue also provides:

"Upon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant and may authorize the commencement of the action without the payment of fees, costs, or security."

Thus, by plain language the court is given the discretionary authority to do two things, (1) appoint an attorney and (2) authorize the commencement of the action.

When Congress thus vested the court with such discretionary authority it must have been cognizant of the Rules of Civil Procedure which it had approved. Rule 3, entitled "Commencement of Action," provides, "A civil action is commenced by filing a complaint with the court." Rule 8(a), entitled "Claims for Relief," provides, "A pleading which sets forth a claim for relief, * * * shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends * * *, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief to which he deems himself entitled. * *"

Appellant's petition for appointed counsel was filed in the district court on June 29, 1970, and denied by the court two days later. The petition did not mention appellee; neither did it mention any charge of sex discrimination. It alleged that she was financially unable to employ counsel and clearly was for no purpose other than to obtain counsel whom the court might authorize to file a complaint on her behalf.

To hold, as EEOC would have us do, that this application represented the commencement of an action and thereby satisfied the jurisdictional requirement of

Sec. 706(e) of the Act, would amount to an emasculation of the provision which Congress wrote in plain, unambiguous language. Its brief is permeated with the idea that the court should find some excuse to evade rather than comply with the statute. As illustrative, it argues that the opinion of the court below "is a narrow reading of the Title inimicable to its remedial purposes"; that grievants should be required "to do only what it is in their power to do," and that "47 days from the appointment of counsel is not an unreasonable delay for filing a formal complaint."

Surely Congress was fully aware of the remedial purposes of the Act and designed a procedure to accomplish that end. Whatever may be held as to uncertainties in the procedure to be followed before the Commission, there was no uncertainty that the jurisdiction of a court to entertain a grievance was limited to an action brought "within 30 days" after the issuance of the right-to-sue notice. See our opinion in Choate v. Caterpillar Tractor Co., *supra*. Congress determined that 30 days was a reasonable time for the commencement of such action, and it little behooves the Commission to argue or a court to hold that the filing of a complaint beyond the time specified is reasonable and, therefore, sufficient.

While what we have said might be dispositive of this appeal, we think, in view of EEOC's argument and cases relied upon, we should proceed further. There is nothing to show what if anything appellant did during the 30-day period after her first petition for the appointment of an attorney was denied; however, on July 30, 1970 (6 days after the expiration of the 30-day period), appellant again applied to the same court for the appointment of an attorney, which was allowed. In connection with the dismissal of the complaint, the court rendered a memorandum opinion in which it stated, "She did petition for the appointment of counsel and waiver of costs within the thirty days, but it was denied on the ground that the Commission had not made a finding of reasonable cause.

However, on July 30, 1970, the order was vacated and counsel was appointed after the court found that there had been a finding of reasonable cause."

Thus, the court evidently recognized that it erred in its denial of the first application, which was corrected by its allowance of the second. While the court did not so state, it must have considered the order entered on the second application as *nunc pro tunc*. On this basis we hold that the running of the 30-day period was stayed when her first application was improperly denied, but it again commenced to run when an attorney was appointed on her second application. This means that her attorney had 24 days in which to commence an action by the filing of a complaint. Her complaint, however, as noted, was not filed until 47 days after the attorney was appointed.

If appellant when she received the right-to-sue notice had had an attorney, either court-appointed or employed, we suppose there could be no question but that the 30-day limitation period would have controlled. We discern no reason why after the appointment of an attorney she is entitled to be placed in a more advantageous position.

Two cases called to our attention embrace the theory that the running of the 30-day period was temporarily tolled under the circumstances of those cases. In Rice v. Chrysler, 327 F.Supp. 80, 84 (E.D. Mich.1971), the court stated:

" * * * the thirty-day limitation period * * * should be tolled from the date on which a complainant files * * * an application for counsel and leave to proceed without prepayment of costs, until the date on which the court either informs complainant or his counsel, if the court elects to appoint counsel, of its decision on this application."

The case was dismissed as it had not been filed within the 30-day period, even assuming that the period had been tolled pending ruling on the petition for appointment of counsel. The court in Torockio v. Chamberlain Mfg. Co., 328 F.

Supp. 578, 580 (W.D.Pa.1971), reasoned in similar vein. It stated:

"All that was filed within the thirty day period was a 'Petition for a Court-Appointed Counsel'. At best, this action only suspended the thirty day period, and even then her ultimate suit was not timely filed."

In support of its contention that appellant's petition for the appointment of counsel constituted the initiation of her action and thus satisfied the jurisdictional requirement of Sec. 706(e), the Commission states, "The satisfaction of the 30 day time limitation of Section 706(e) by a timely request for appointment of counsel has been widely accepted by the federal courts." In support of this statement, which is much exaggerated, the Commission cites a number of district court opinions, most of which are not published but are attached to its brief as exhibits. An attempt to discuss them in detail would serve no fruitful purpose. Generally, they are cases where the court itself was responsible for the complainant's delay by failure to act expeditiously on the request for counsel, or the complainant had filed some sort of rudimentary complaint within the 30-day period.

McQueen v. E.M.C. Plastics Co., D.C., 302 F.Supp. 881, perhaps the Commission's leading case, is distinguishable on its facts. In showing such distinction we can do no better than quote from the opinion of the district court in the instant case:

"In McQueen, the petition for appointment of counsel was made within the thirty-day period, but the court delayed in making the appointment until after the expiration thereof. Appointed counsel, whose practice was severely restricted because of a terminal illness on the part of his wife, determined that plaintiff had no case. He notified the court of his decision, but the appointing judge unfortunately died before any decision could be made as to further proceedings. Under all the above circumstances, the court felt constrained to hold that the application for appointed counsel satisfied the thirty-day filing requirement."

Moreover, in *McQueen,* the court reasoned that the claim involved was equitable in nature and must be governed by equitable considerations.

The Sixth Circuit in Goodman v. City Products Corp., Ben Franklin Division, *supra,* 425 F.2d 702, rejected the contention that the 30-day limitation period should be extended on general equitable principles as rights sought to be asserted under the Act were of a statutory nature.

In Prescod v. Ludwig Industries, 325 F.Supp. 414 (N.D.Ill.1971), the application for appointment of counsel was filed one and one-half weeks after plaintiff received her right-to-sue notice but was not granted by the court until the last day of the 30-day period. Under these circumstances, the court held that it was responsible for the complainant's delay in filing a complaint. Austin v. Reynolds Metals Co., 325 F.Supp. 1145 (E.D.Va. 1970), is another case where the court failed to act on the petition for appointment of an attorney until too late for complainant to comply with the 30-day period. Furthermore, the court found that the delay was also attributable to misinformation from EEOC. In Gray v. Wilberforce University, 3 E.P.D. Cases 8183 (S.D.Ohio, April 19, 1971), timely request for counsel was not acted upon until three days after the 30-day period had expired, and a similar situation was before the court in Shaw v. National Tank Co. (N.D.Okl.1971), 70-C-201. In Witherspoon v. Mercury Freight Lines, Inc., 59 L.C. 9219 (S.D.Ala.1968), the appointing judge specifically represented to the plaintiff that he would consider the appointment of counsel as equivalent to the filing of a complaint.

We think that these cases are illustrative of others relied upon by the Commission and, whether or not correctly decided, are all distinguishable upon the factual situations before the various courts and those in the instant case. As we have shown, here an attorney was ap-

pointed for appellant on July 30, 1970, with 24 days in which to commence an action by the filing of a complaint; however, it was not filed until 47 days later. There is no claim that the court-appointed counsel was incompetent and there is no allegation in the complaint which he filed or any claim otherwise made that affords any excuse for such delay.

Of all of the district court cases called to our attention, the opinion rendered on September 29, 1971, by Judge Wangelin of the Eastern District of Missouri, in Brady v. Bristol-Myers, Inc., 332 F.Supp. 995, is the most logical and best reasoned. In that case plaintiff received a right-to-sue notice on June 22, 1970. Within the 30-day period plaintiff filed with the clerk of the court a number of papers, including (1) a letter signed by plaintiff stating, "I wish to file this letter as a complaint, in order to stop the running of the 30-day period afforded me  *  * ";(2) the notice of right-to-sue within 30 days, which plaintiff received from EEOC; (3) an application for leave to file an action under the Act, without payment of fees or costs, and (4) a request for the appointment of counsel.

Plaintiff by privately retained counsel filed her complaint on November 6, 1970. One of the issues was whether the action was brought within the 30-day limitation period. In that case, as here, the plaintiff contended "that the filing of the Notice-of-Right-to-Sue letter and the request for appointment of counsel, tolled or otherwise satisfied the requirement that suit be commenced within thirty days from Receipt of the Notice." The court held, "The 30-day period of limitation is mandatory, and not directory, [citing many cases, including Goodman v. City Products Corp., *supra*, and Choate v. Caterpillar Tractor Co., *supra*]," and that " *  *  * the papers filed by plaintiff on July 22, 1970, do not constitute the filing of a complaint such as would 'commence' this civil action."

The court also considered the question as to whether the filing of the right-to-sue notice and the application for appointment of counsel operated to toll the statutory limitation period. The court cited many cases relied upon by plaintiff, substantially the same as those relied upon in the instant case, some of which we have previously discussed. As to these cases, the court stated, "However, in each case the court, within the 30-day period, took some action upon which the plaintiff relied or other extenuating circumstances existed." The court stated, "We think the better view is advanced by those courts who have refused to circumvent the plain and unambiguous language of the statute requiring an action of this type to be commenced ('filed') within the 30-day period."

The court's conclusion is relevant to the situation before us. It stated, "It is the opinion of the Court that the papers filed by plaintiff on July 22, did not toll the statutory period of limitations; and, that if this Court were empowered to judicially extend the express statutory limitation upon any principles of equity, the circumstances of this case do not justify such an extension. Plaintiff, therefore, has failed to timely file this action and this Court is without jurisdiction to proceed with respect to plaintiff's claims arising under the 1964 Civil Rights Act."

Another recent case where the court dismissed a complaint for lack of jurisdiction because the complaint was filed more than 30 days after plaintiff's receipt of the right-to-sue notice is Henderson v. Eastern Freight Ways, Inc. et al., (D.C.Md. decided August 17, 1971), 330 F.Supp. 1287. After reviewing the cases, many of which are relied upon here, the court concluded that the statutory 30-day provision was controlling.

We reach the conclusion that the district court properly dismissed the complaint. Its order is, therefore,

Affirmed.