Judith **BOUSMAN**

v.

**ESSEX GROUP, INC.**

No. IP 77–218–C.

United States District Court, S. D. Indiana, Indianapolis Division.

Sept. 11, 1980.

Esther V. Kaufman, Anderson, Ind., Raymond F. Fairchild, Indianapolis, Ind., for plaintiff.

James C. McMahon, Fort Wayne, Ind., for defendant.

### ORDER GRANTING DISMISSAL FOR LACK OF SUBJECT MATTER JURISDICTION

STECKLER, District Judge.

This matter is before the Court on defendant's motion to dismiss and/or to reconsider the earlier denial of a motion to dismiss for lack of subject matter jurisdiction.

The complaint in this action alleges that plaintiff was discriminated against on the basis of sex in violation of Title VII. She filed a charge with the Equal Employment Opportunity Commission on May 24, 1973. A Notice of Right to Sue was issued to plaintiff on December 17, 1976. On February 8, 1977, she filed with the Court the following items under the caption *In re Judith Bousman,* Cause Number Misc. 77–15:

(1) Affidavit of Financial Status, in which she requested that the Court appoint an attorney;

(2) A document entitled "Conciliation Failure–Notice of Right to Sue." A carbon copy was addressed to Essex International Brickyard.

(3) A letter from Osma D. Spurlock, District Director of EEOC, sent to Ms. Bousman with the notice of right to sue which indicated who could aid her in obtaining counsel.

Subsequent to the filing of these papers, Esther V. Kaufman was appointed attorney for plaintiff. The complaint was then filed on April 15, 1977.

Defendant argues that since the complaint was not filed until after the running of the 90–day period provided in 42 U.S.C. § 2000e–5, the Court must dismiss the action for lack of jurisdiction.

In ruling on this motion the Court has been guided primarily by two cases, *Harris v. National Tea Company,* 454 F.2d 307 (7th Cir. 1971), and *Archie v. Chicago Truck Drivers,* 585 F.2d 210 (7th Cir. 1978). In the former, the plaintiff filed, within the statutory period, an application for appointment of counsel which did not name the defendant nor refer to any claim of discrimination. *Harris,* at 309. The Court found that the filing of this document did not toll the statute of limitations under Title VII. In the latter case, plaintiff filed a form supplied to him by the clerk of court entitled "COMPLAINT AND MOTION FOR OTHER RELIEF." On the form references were made to Title VII, the jurisdiction of the Court, and blanks and boxes were provided for the plaintiff to fill in or check. He checked boxes indicating that his claim was a race discrimination claim. *Archie,* at 216. In *Archie,* the Court held that the document plaintiff filed was a complaint

though technically imperfect and that since it was filed within the statutory period, the statute of limitations was tolled.

The facts in this case fall somewhat in between those in *Harris* and *Archie*. Here, one document filed did name the defendant and was apparently sent to the defendant, unlike *Harris*, but no document referred to the claim of discrimination. However, the Court obtained further guidance by the citation, with favor, in *Harris* of *Brady v. Bristol–Myers, Inc.*, 332 F.Supp. 995 (E.D. Mo.1971). In *Brady*, the Court held that the filing, within the statutory period, of the notice of right to sue letter, a letter from plaintiff stating "I wish to file this letter as a complaint, in order to stop the running of the 30–day period afforded me . . . .," an application to waive the payment of fees, and a request for the appointment of counsel did not toll the statute of limitations.

Since the facts in this case are analogous to *Brady*, the Court feels compelled to dismiss the complaint for lack of jurisdiction.

By reason of the foregoing, defendant's motion to dismiss for lack of subject matter jurisdiction should be, and it is hereby, GRANTED.

IT IS SO ORDERED.