James I. CAMPBELL

v.

U.S. NAVY, et al.

Civ. No. Y-82-2572.

United States District Court,
D. Maryland.

July 11, 1983.

James I. Campbell, pro se.

William D. Quarles, Asst. U.S. Atty., Baltimore, Md., for plaintiffs.

## MEMORANDUM OPINION AND ORDER

JOSEPH H. YOUNG, District Judge.

Defendants in the above numbered action have filed a motion to dismiss for lack of subject matter jurisdiction under Fed.R. Civ.P. 12(b)(1). After careful consideration of the relevant authorities, the Court grants defendants' motion. However, plaintiff shall have twenty days in which to file an amended complaint which properly establishes subject matter jurisdiction. If plaintiff fails to file an amended pleading within this twenty day period, his action shall be automatically dismissed.[1]

Plaintiff, an employee of the United States Navy, claims that the Navy violated the Rehabilitation Act of 1973, 29 U.S.C. §§ 701–794, by terminating his employment at the Mare Island Naval Shipyard in Valle-

---

1. Defendants have also filed a motion to dismiss for lack of venue, Fed.R.Civ.P. 12(b)(3), and a motion to strike, Fed.R.Civ.P. 12(f). Until plaintiff has properly established that the Court has subject matter jurisdiction over this action, the Court has no authority to consider these additional motions.

jo, California. As a result, plaintiff sues the "U.S. Navy" and the "Mare Island Naval Shipyard" for declaratory relief, compensatory damages, costs and attorneys fees. Plaintiff proceeds *pro se* without the assistance of counsel.

In their motion to dismiss, defendants initially contend that the action fails because plaintiff has not pleaded a "jurisdictional" statute in his jurisdictional statement. *See* Fed.R.Civ.P. 8(a)(1). It is true that the statute plaintiff cites in his jurisdictional statement, 29 U.S.C. § 701, is only the introductory "declaration of purpose" provision of the Rehabilitation Act of 1973. However, plaintiff does direct the attention of the Court to the general statutory complex upon which he relies, and 29 U.S.C. § 794a(a)(1) plainly confers jurisdiction upon the Court to entertain certain employment discrimination actions brought by handicapped federal employees. The admonition of Fed.R.Civ.P. 8(f) that "all pleadings shall be so construed as to do substantial justice" has particular applicability to *pro se* actions. *See generally,* 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1286 at 382–85 (1969). The Court will not fault plaintiff for his erroneous attempt to provide a jurisdictional statement.

Defendants alternatively contend that sovereign immunity deprives the Court of subject matter jurisdiction. Plaintiff sues two governmental entities, the United States Navy and the Mare Island Naval Shipyard, for monetary damages. "It is elementary that the United States, as sovereign, is immune from suit save as it consents to be sued." *United States v. Mitchell,* 445 U.S. 535, 539, 100 S.Ct. 1349, 1352, 63 L.Ed.2d 607 (1980) (quoting *United States v. Sherwood,* 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941)). This requirement is jurisdictional, *id.,* and applies to governmental agencies as well as to the United States itself, *Holmes v. Eddy,* 341 F.2d 477, 480 (4th Cir.1965) (per curiam); *see Gnotta v. United States,* 415 F.2d 1271, 1277 (8th Cir.1969) (dismissing action against Department of Army).

Congress has expressly delineated a limited waiver of sovereign immunity for federal employment discrimination against the disabled. 29 U.S.C. § 794a(a)(1) provides the handicapped federal employee with the "remedies, procedure and rights" of 42 U.S.C. § 2000e–16, the Title VII statute governing employment discrimination by the federal government. As the language of § 794a(a)(1) indicates, handicapped federal employees receive the limitations as well as the benefits of § 2000e–16. Two of these limitations are relevant here. First, § 2000e–16(c) specifies that civil actions may only be brought against "the head of the department, agency or unit." Second, § 2000e–5(g), incorporated by reference into § 2000e–16 by § 2000e–16(d), limits the handicapped employee's monetary recovery to a certain amount of accrued back pay. Federal employees suing under Title VII may not recover "compensatory" damages within the usual meaning of the term. *Carter v. Marshall,* 457 F.Supp. 38 (D.D.C.1978).

In the present action, plaintiff does not sue the Secretary of the Navy, John F. Lehman, Jr., but instead proceeds directly against the Navy and one of its shipyards. Plaintiff also seeks $100,000 in damages for both lost wages and "humiliation and embarrassment caused by defendant." The suit thus plainly cannot continue in its present posture, and defendant's motion to dismiss must be granted.[2] Giving appropri-

---

**2.** The Court stresses that the recent amendment to 5 U.S.C. § 702 does not alter this result. Section 702 provides in relevant part:

A person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof. An action in a court of the United States seeking relief *other than mon-* *ey damages* and stating a claim that an agency or an officer or employee thereof acted or failed to act in an official capacity or under color of legal authority shall not be dismissed nor relief therein be denied on the ground that it is against the United States or that the United States is an indispensable party. The United States may be named as a defendant in any such action, and a judgment or decree

ate consideration to plaintiff's pro se status, the Court will provide plaintiff with twenty days to file an amended complaint which confers jurisdiction upon the Court.[3] To pass muster under the principles reviewed above, plaintiff's amended complaint must contain two basic changes:

(1) The complaint must name John F. Lehman, Jr., as the sole defendant. Plaintiff may only sue Secretary Lehman in his official capacity as Secretary of the Navy.

(2) The complaint must claim damages for back pay only. Plaintiff need not allege a specific amount of backpay at this point.

If the plaintiff fails to submit a properly amended complaint within twenty days, his action will be automatically dismissed. If plaintiff does make a timely filing, the United States Attorney shall then have sixty days in which to submit a responsive pleading.

For the foregoing reasons, it is this 11th day of July, 1983, by the United States District Court for the District of Maryland, ORDERED:

1. That defendants' motion to dismiss for lack of subject matter jurisdiction BE, and the same IS, hereby GRANTED;

2. That plaintiff shall have twenty days from the date of this order in which to file an amended pleading consistent with the requirements discussed herein;

3. That the United States Attorney shall thereupon have sixty days to file a responsive pleading to any amended complaint which plaintiff files; and

4. That a copy of this Memorandum Opinion and Order be delivered to the parties.

---

may be entered against the United States. *Nothing herein confers authority to grant relief if any other statute that grants consent to suit expressly or impliedly forbids the relief which is sought.* [emphasis added].

Both of the highlighted provisos preclude applicability of § 702 to the present case. Plaintiff seeks monetary damages in the present action. In addition, he sues in an area where the avenues of relief have been precisely specified by Congress. The limited rights conferred upon a handicapped federal employee by 29 U.S.C. § 794a(a)(1) and 42 U.S.C. §§ 2000e–5, 2000e–16 impliedly forbid more general relief under 5 U.S.C. § 702.

**3.** Defendant suggests that the Court deny plaintiff leave to amend because venue for this action does not lie in the District of Maryland. 42 U.S.C. § 2000e–5(f)(3), incorporated by reference into § 794a by 29 U.S.C. § 794a(a)(1), permits a § 794a suit to be brought:

in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, in the judicial district in which the employment records relevant to such practice are maintained and administered, or in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice.

While the site of the alleged discrimination and the alleged location where plaintiff "would have worked" are clearly in California, plaintiff asserts that the Navy has transferred all of his records to the "Suitland Branch of Civilian Personnel" in Suitland, Maryland. Venue therefore appears to exist under the second prong of the three part standard of § 2000e–5(f)(3), and lack of venue would not be an appropriate reason for denying plaintiff leave to amend. Plaintiff's assertions about venue may of course be challenged later in the context of a motion to dismiss the amended complaint.