850 F.2d 689
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Edith E. McNAIRN, Plaintiff-Appellant,
v.
U.S. DEPARTMENT OF HEALTH & HUMAN SERVICES, OFFICE OF the
SECRETARY, Defendant- Appellee.
 No. 87-2192.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Jan. 22, 1988.
Decided: June 20, 1988.
 
 Edith E. McNairn, appellant pro se.
 Breckinridge L. Wilcox, Juliet Ann Eurich, Patricia D. Carter, Office of the U.S. Attorney, for appellee.
 Before K.K. HALL and WILKINS, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Edith McNairn has filed this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e et seq. (Title VII), alleging that she failed to receive a promotion as a result of race and national origin discrimination. McNairn submitted, apparently contemporaneously with her complaint and motion to proceed in forma pauperis, a motion for appointment of counsel. She later renewed her motion for appointment of counsel. The defendant, the Department of Health and Human Services, moved to dismiss the complaint, admitting that McNairn timely filed her claim but contending that she had failed to name the proper defendant. Without addressing McNairn's motions for counsel, the district court dismissed the action for failure to serve the proper defendant. McNairn appealed.
 
 
 2
 McNairn timely filed her action; however, she failed to meet the statutory requirement that she name the head of the department as a defendant. See Jarrell v. United States Postal Service, 753 F.2d 1088, 1091 (D.C. Cir.1985); McGuinness v. United States Postal Service, 744 F.2d 1318, 1322 (7th Cir.1984); Cooper v. U.S. Postal Service, 740 F.2d 714, 716 (9th Cir.1984), cert. denied, 471 U.S. 1022 (1985); Campbell v. U.S. Navy, 567 F.Supp. 356, 357-58 (D.Md.1983).
 
 
 3
 To avoid dismissal of the action a plaintiff may file a motion to amend her complaint to name the proper defendant. Rule 15(c), Fed.R.Civ.P., provides that an amended complaint will relate back to the date the original complaint was filed if
 
 
 4
 within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.
 
 
 5
 Because the original complaint was not served on the U.S. Attorney within the 30-day period provided by Sec. 2000e-16(c), McNairn failed to comply with Rule 15(c)'s requirement that notice be provided within the limitations period, and she cannot take advantage of the relation-back provisions of that Rule. See Weisgal v. Smith, 774 F.2d 1277, 1279 (4th Cir.1985); Cooper, supra; see also Schiavone v. Fortune, 54 U.S.L.W. 4692 (U.S. June 18, 1986) (No. 84-1839).
 
 
 6
 The statutory filing period may be extended in a Title VII case based on equitable tolling. In Baldwin County Welcome Center v. Brown, 466 U.S. 147 (1984), the Court noted that the time limits for filing a Title VII action may be equitably tolled where "a claimant has received inadequate notice, ... or where a motion for appointment of counsel is pending and equity would justify tolling the statutory period until the motion is acted upon, ... or where the court has led the plaintiff to believe that she [has] done everything required." Id. at 151. See also Harris v. Walgreen's Distribution Center, 456 F.2d 588 (6th Cir.1972); Harris v. Nat'l Tea Co., 454 F.2d 307 (7th Cir.1971).
 
 
 7
 The record does not indicate that the district court considered whether McNairn's pending motions for appointment of counsel and equity would justify tolling the limitations period in this case. We accordingly vacate the judgment dismissing the case and remand for consideration of this issue. We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 8
 VACATED AND REMANDED.