857 F.2d 1470
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Debbie E. WOODS, Plaintiff-Appellant,
v.
Casper W. WEINBERGER, Secretary, United States Department of
Defense, Defense Logistics Agency, Defendant-Appellee.
 No. 88-2030.
 United States Court of Appeals, Fourth Circuit.
 Submitted: May 26, 1988.
Decided: Sept. 1, 1988.
 
 Paul C. Bland, for appellant.
 Henry E. Hudson, United States Attorney; Robert William Jaspen, Assistant United States Attorney, for appellee.
 Before MURNAGHAN, SPROUSE and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Debbie Woods filed this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e et seq. (Title VII), alleging that she was discharged as a result of racial discrimination. In her original complaint, filed on September 23, 1986, Woods named the United States Department of Defense, Linda Tyree, and Ruby Brooking as defendants. Service on the United States Attorney and on the defendants was not made until over 90 days after filing of the complaint. Woods later amended her complaint to name Casper Weinberger as defendant.
 
 
 2
 Finding that Woods had failed to timely name or serve the proper defendant, the district court dismissed the action. Woods appealed. On appeal Woods contends that although Weinberger was not originally named as a defendant, her amended complaint should relate back under Rule 15(c), Fed.R.Civ.P., because the Department of Defense was named as a defendant in the original complaint and both Weinberger and the United States Attorney were served within 120 days of filing of the original complaint, as allowed by Rule 4(j), Fed.R.Civ.P.
 
 
 3
 Under 42 U.S.C. Sec. 2000e-16(c), a federal employee asserting a claim of employment discrimination must bring suit against the head of the department, agency, or unit within 30 days of receipt of notice of final agency action. Woods failed to meet the statutory requirement that she timely name the head of the department as defendant. See Jarrell v. United States Postal Service, 753 F.2d 1088, 1091 (D.C.Cir.1985); McGuinness v. United States, 744 F.2d 1318, 1322 (7th Cir.1984); Cooper v. U.S. Postal Service, 740 F.2d 714, 716 (9th Cir.1984), cert. denied, 471 U.S. 1022 (1985); Campbell v. U.S. Navy, 567 F.Supp. 356, 357-58 (D.Md.1983).
 
 
 4
 Woods argues that dismissal on this basis was improper because her amended complaint naming the proper defendant should be deemed to relate back under Rule 15(c), Fed.R.Civ.P., to the filing of the original complaint. Rule 15(c) provides that an amended complaint will relate back to the date the original complaint was filed if
 
 
 5
 within the period provided by law for commencing the action against him, the party to be brought in by amendment (1) has received such notice of the institution of the action that he will not be prejudiced in maintaining his defense on the merits, and (2) knew or should have known that, but for a mistake concerning the identity of the proper party, the action would have been brought against him.
 
 
 6
 Because the original complaint was not served on Weinberger, who was the proper defendant, or on the United States Attorney within the 30-day period provided by Sec. 2000e-16(c), Woods failed to comply with Rule 15(c)'s requirement that notice be provided within the limitations period. Her argument that relation-back should nevertheless be allowed because service was made within the time permitted by Rule 4(j) has been specifically rejected by the Supreme Court. Schiavone v. Fortune, 477 U.S. 21, 30 (1986); see also Weisgal v. Smith, 774 F.2d 1277, 1279 (4th Cir.1985). We do not find this case distinguishable from Schiavone.
 
 
 7
 Accordingly, we affirm on the reasoning of the district court. Because the facts and legal contentions are adequately developed in the materials before the Court and argument would not significantly aid the decisional process, we dispense with oral argument pursuant to Fed.R.App.P. 34 and Local Rule 34(a).
 
 
 8
 AFFIRMED.