**Robert A. MAJOR, M.D., Plaintiff,**

v.

**John Jay FERDON, etc., et al., Defendants.**

**No. C–70 2451.**

United States District Court, N. D. California.

Feb. 25, 1971.

Patricia A. Carson, San Francisco, Cal., for plaintiff.

John Jay Ferdon, Dist. Atty., Evelle J. Younger, Atty. Gen. of Cal. by John T. Murphy, and Charles R. B. Kirk, Deputy Attys. Gen., San Francisco, Cal., for defendants.

Thos. M. O'Connor, City Atty. by Raymond D. Williamson, Jr., Deputy City Atty., San Francisco, Cal., for Alfred J. Nelder.

Before HAMLIN, Circuit Judge and SCHNACKE and WOLLENBERG, District Judges.

### ORDER OF DISMISSAL

WOLLENBERG, District Judge.

Plaintiff is a medical doctor, licensed to practice in California, who has been arrested and charged with violations of

Calif.Pen.Code §§ 274 and 664.[1] These are the statutes which provide criminal penalties for any person who provides or procures an abortion except as provided by California's relatively new Therapeutic Abortion Act (Calif.Health and Safety Cde. § 25950 et seq.) [2]

After unsuccessfully attempting to secure a writ of prohibition from appropriate state courts, plaintiff came here, asking for declaratory and injunctive relief under 28 U.S.C. §§ 2201–02, 28 U.S.C. § 1343, and 42 U.S.C. § 1983. Plaintiff contends that the Therapeutic Abortion Act, as well as the criminal code sections which are keyed thereto, are unconstitutional for a great variety of reasons, among which are an alleged impermissable vagueness and overbreadth, as well as unwarranted invasions of the rights to privacy and freedom of association, and "the fundamental right of a woman to choose whether to bear children".

1. § 274. Supplying or administering abortifacient; exception; punishment. Every person who provides, supplies, or administers to any woman, or procures any woman to take any medicine, drug, or substance, or uses or employs any instrument or other means whatever, with intent thereby to procure the miscarriage of such woman, except as provided in the Therapeutic Abortion Act, Chapter 11 (commencing with Section 25950) of Division 20 of the Health and Safety Code, is punishable by imprisonment in the state prison not less than two nor more than five years.

§ 664. Attempts; punishment. Every person who attempts to commit any crime, but fails, or is prevented or intercepted in the perpetration thereof, is punishable, where no provision is made by law for the punishment of such attempts as follows: [etc.].

2. § 25950. Short title. This chapter shall be known and may be cited as the Therapeutic Abortion Act. (Added Stats.1967, c. 327, p. 1535, § 1.)

§ 25951. Authority to perform or to aid or assist or attempt abortion; requirements. A holder of the physician's and surgeon's certificate, as defined in the Business and Professions Code, is authorized to perform an abortion or aid or assist or attempt an abortion, only if each of the following requirements is met:

A three-judge court having been appointed, a hearing was held on February 18, 1971, at which oral argument was heard on plaintiff's motion for a preliminary injunction and various defendants' motions to dismiss. In addition, voluminous memoranda, briefs from *amici curiae*, and other documents were filed. The Court took the matter under submission.

Plaintiff asks this Court to enjoin a state criminal prosecution which is clearly ongoing. This part of plaintiff's prayer clearly runs afoul of 28 U.S.C. § 2283, i. e. the federal anti-injunction statute:

A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction or to protect or effectuate its judgments.[3]

(a) The abortion takes place in a hospital which is accredited by the Joint Commission on Accreditation of Hospitals.

(b) The abortion is approved in advance by a committee of the medical staff of the hospital, which committee is established and maintained in accordance with standards promulgated by the Joint Commission on Accreditation of Hospitals. In any case in which the committee of the medical staff consists of no more than three licensed physicians and surgeons, the unanimous consent of all committee members shall be required in order to approve the abortion.

(c) The Committee of the Medical Staff finds that one or more of the following conditions exist:

(1) There is substantial risk that continuance of the pregnancy would gravely impair the physical or mental health of the mother;

(2) The pregnancy resulted from rape or incest. (Added Stats.1967, c. 327, p. 1535, § 1.)

3. There has been some discussion of when a state court proceeding has begun for purposes of § 2283. See Dombrowski v. Pfister, 380 U.S. 479, 484, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965) (footnote 2 and citations thereto). The case herein, however, involves an indubitably ongoing proceeding: the indictment has issued, and a trial date has been set.

Plaintiff argues that 42 U.S.C. § 1983 is an "expressly authorized" exception to § 2283. This question has been, up to now, studiously avoided by the Supreme Court. See Dombrowski v. Pfister, *cit. supra* note 3 at 484 (note 2); compare Cole v. Graybeal, 313 F.Supp. 48 (D.C. 1970); Eve Productions, Inc. v. Shannon, 312 F.Supp. 26 (D.C.1970); Wilson v. Simon, 299 F.Supp. 305 (D.C. 1969); and De Vita v. Sills, 422 F.2d 1172 (3 Cir. 1970). While the High Court has indicated that it may soon resolve the issue [see Honey v. Goodman, 432 F.2d 333, 339 (6 Cir. 1970)], this promise of future action is of little help to the Court, which finds itself squarely faced with the problem in the instant case.

While § 2283 is more than a simple rule of comity, many of the principles of comity apply to the reasoning behind it. Its purpose is "to prevent needless friction between state and federal courts". Atlantic Coast Line Railroad Co. v. Brotherhood of Locomotive Engineers, 398 U.S. 281, 286, 90 S.Ct. 1739, 1743, 26 L.Ed.2d 234 (1970). While it is generally true that both state and federal courts are regarded as appropriate for the vindication of constitutional rights, and that the choice of a plaintiff will generally decide which forum will have the first chance to adjudicate those rights in a concrete case, there are nonetheless situations where that choice must be taken from the plaintiff. Zwickler v. Koota, 389 U.S. 241, 248, 88 S.Ct. 391, 19 L.Ed.2d 444 (1967). One is where the plaintiff asks the federal judiciary to stop ongoing proceedings before the state courts, and thus we have § 2283. So long as we are able to indulge the presumption that state courts will in those proceedings be properly solicitous of participants' "civil" or other rights, § 2283 is a valid legislative judgment that federal interference would result in "needless friction" between coordinate branches of government. Stefanelli v. Minard, 342 U.S. 117, 72 S.Ct. 118, 96 L.Ed. 138 (1951). This rationale applies equally to § 1983 as to other suits, and, in the absence of specific language in that statute taking suits brought thereunder outside the purview of § 2283, this Court will follow those of its predecessors who have held that the Civil Rights Act provides no across the board exception to the dictates of the anti-injunction provisions of 28 U.S.C. § 2283.

In some cases, however, the underlying assumptions of § 2283 cannot be indulged. These are, most broadly, the situations where the state courts are demonstrably unwilling or unable to be fully solicitous of overriding national interests. City of Greenwood, Miss. v. Peacock, 384 U.S. 808, 86 S.Ct. 1800, 16 L.Ed.2d 944 (1966). Here the federal courts have found implied, as opposed to statutorily expressed, exceptions to § 2283. One such exception is where the United States itself seeks the stay. Leiter Minerals, Inc. v. United States, 352 U.S. 220, 77 S.Ct. 287, 1 L.Ed.2d 267 (1957). Another might be a bad faith prosecution which in and of itself "chills" first amendment rights, Sheridan v. Garrison, 415 F.2d 699 (5 Cir. 1969). A third exception might arise with attempts to enforce a statute unconstitutional on its face, with resulting prejudice to the same kind of preferred rights. Honey v. Goodman, 432 F.2d 333 (6 Cir. 1970).

Plaintiffs have attempted to show bad faith and discriminatory prosecution in the instant case, but not only does the grand jury testimony lodged herein show the existence of sufficient cause to charge under the statute, but the California cases cited in plaintiff's own Index to Supplementary Materials show that other doctors, elsewhere in the State, have been brought to book under the "new" California abortion laws.

If the statutes herein were unconstitutional on their face; perhaps bad faith, and the basis of a *Honey* exception could be established. Plaintiffs argue that the provision of Calif.Health and Safety Code § 25951(a), limiting legal abortions to "accredited" hospitals, is unconstitutionally overbroad. But plaintiff's argument depends upon references to the number of non-accredited hospi-

tals in California, the quality of the medical facilities therein, and to the risks and techniques of present day abortion. In short, while the challenged provision might ultimately be found bad, such a finding requires going far beyond the bare phraseology of the statute.[4] This is not the situation envisaged by *Honey*.

Thus, whatever this Court's willingness to recognize the *Honey* exception might be, plaintiff has failed to make an adequate showing that such exception would apply to his case.

Given the Court's conviction that § 2283 provides a bar to the equitable relief for which plaintiff prays herein, the only question remaining is whether the Court ought to grant declaratory relief, as was done in Babbitz v. McCann, 310 F.Supp. 293 (D.C.1970). The Court concludes it will not. First, we note that even the *Babbitz* tribunal granted that it would be "somewhat anomalous" for a federal court to find a state statute unconstitutional, and yet refuse to enjoin its enforcement against the very person who had brought the case to bar. *Id.* at 296.[5] Second, we are persuaded that, quite apart from the specific command of § 2283, this case is one from which the Court should abstain for general reasons of comity.

■ The doctrine of abstention is traditionally invoked by federal courts only in "narrowly limited special circumstances". Zwickler v. Koota, *cit. supra,* 389 U.S. at 248, 88 S.Ct. 391. Even if it be shown that the resolution of statutory ambiguities by a state tribunal might eliminate the need to face constitutional issues in a federal court, abstention may still be refused if delay by the federal court will of itself hinder free expression, or if the state courts have already had ample opportunity to clarify the local statute, or if reference to the state courts would result in unnecessarily protracted litigation. Baggett v. Bullitt, 377 U.S. 360, 375–379, 84 S.Ct. 1316, 12 L.Ed.2d 377 (1964).

■■ Narrow as the doctrine is, it fits here. California's Therapeutic Abortion Act is barely three years old; it has never been interpreted by California's appellate courts. And that Act, by plaintiff's own argument, is filled with ambiguity; cited as unconstitutionally vague are such statutory terms as "mental illness", "substantial risk", and "gravely impair". California's Supreme Court has shown a willingness to probe the web of philosophical and religious considerations which lay behind California's former abortion statutes. People v. Belous, 71 Cal.2d 954, 80 Cal.Rptr. 354, 458 P.2d 194 (1969), and the State's trial courts have done the same with the new law. See the cases cited in plaintiff's Index, etc., filed February 10, 1971. The mandate of § 2283 means that plaintiff, no matter what this Court decides, will have to subject himself to state criminal proesecution and present his defenses therein. If the trial results in acquittal on constitutional grounds, the case will be moot. If plaintiff is found guilty, the appellate courts will have their chance to either clarify the law so as to avoid the problems posed by *Belous*,[6] or strike the law under the *Belous* precedent. It is always desirable that state courts have the first chance at interpreting new local law. Fornaris v.

---

4. There is also considerable question whether this plaintiff has standing to raise the unconstitutionality of this particular section of the statute, when the charges brought against him allege violations of other different sections thereof. See Landry v. Daley, 280 F.Supp. 938 (D.C.1968) ; prob. juris. noted Boyle v. Landry, 393 U.S. 974, 89 S.Ct. 442, 21 L.Ed.2d 436; 399 U.S. 922, 90 S.Ct. 2227, 26 L.Ed.2d 788.

5. Some indeed would say that declaratory relief under the circumstances would not only be "anomalous", but would be a "restraint", in and of itself, within the meaning of § 2283. See Wright, Law of Federal Courts, 180 (note 23) (1970).

6. *Belous* itself, at 80 Cal.Rptr. 357–358, 458 P.2d 194 recognizes that ambiguity on the face of a statute may be resolved by reference to "any demonstrably established technical or common law meaning of the language in question".

Ridge Tool, 400 U.S. 41, 91 S.Ct. 156, 27 L.Ed.2d 174 (1970); Reetz v. Bozanich, 397 U.S. 82, 90 S.Ct. 788, 25 L.Ed.2d 68 (1970). § 2283 makes it inevitable and necessary for them to do so in plaintiff's case. For this Court prematurely to interpose its own declaration as to the law would not aid the local courts in their duty, nor hasten its performance.

Whether it is better practice, when abstaining on grounds of general comity, to retain jurisdiction or to dismiss is an open question. See Zwickler v. Koota, *cit. supra*, 389 U.S. at 244, note 4, 88 S. Ct. 391. But whatever the advisability of retaining jurisdiction might be in "simple" abstention cases, dismissal would seem to be the better, if not the only choice when abstention is also grounded in § 2283. The latter has been called "absolute, [leaving] nothing to the discretion of the court". Wright, *op. cit. supra* note 5 at 182.

Accordingly, it is hereby ordered that plaintiff's motion for a preliminary injunction be, and hereby is, denied. Defendants' motion to dismiss on the basis of 28 U.S.C. § 2283 and on general grounds of comity will be, and hereby is, granted.