**William PAYNE et al., Plaintiffs,**

**v.**

**Earl WHITMORE, etc., et al., Defendants.**

**No. C–70 2727.**

United States District Court,
N. D. California.

April 7, 1971.

Eric W. Wright, Legal Aid Society of San Mateo County, Redwood City, Cal., for plaintiffs.

Keith C. Sorenson, Dist. Atty., San Mateo County, by James A. Aiello, Deputy Dist. Atty., Redwood City, Cal., for defendants.

## MEMORANDUM OPINION AND PRELIMINARY INJUNCTION

WOLLENBERG, District Judge.

This action challenges as unconstitutional certain of the rules governing the San Mateo County Jail. The initial complaint was confined to regulations and practices concerning inmate mail, and a preliminary injunction was issued on January 13, 1971. On March 4, 1971, plaintiffs filed an amended complaint attacking the complete denial by defendants of inmate access to newspapers and magazines. This amendment is clearly within the discretion of the Court to allow or deny. Rule 15(a), Federal Rules of Civil Procedure. Defendants have shown no prejudice from the proposed amendment, and permission to so amend the original complaint is hereby granted.

There is little quarrel over the facts upon which plaintiffs base their prayer for extension of the preliminary injunction. No person incarcerated in the "main jail and medium security facility" may receive any newspaper or magazine through the mail, or from any other source within or without the facility. While the right to receive books, newspapers, and periodicals is guaranteed to convicted felons in the California state prison system, pursuant to Calif.Pen. Code § 2600(4) no such right is extended to the persons whom San Mateo County has jailed, either for their inability to make bail pending trial, or for misdemeanor convictions.

The County argues that the standard of § 2600(4) is in no way constitutionally mandated, and that in any case this Court ought to refer plaintiffs to their state court remedies. It is further suggested that even if there is a first amendment right to newspapers and magazines, San Mateo County is justified in denying that right because of four "overriding considerations":

(1) Such materials would be used by certain inmates to start fires.

(2) Such materials might also be used to plug toilets and drains in the jail facility.

(3) Inmates would quarrel over each other's newspapers and magazines.

(4) It would be costly for jail personnel to process inmate subscriptions.

■■ Exhaustion of state remedies is not a pre-requisite to an action under 42 U.S.C. § 1983 or 28 U.S.C. § 2201. Nor is there any justification for invocation of the abstention doctrine where, as here, there is no conceivable state law question disposition of which might render it unnecessary to resolve constitutional arguments. See Wright, Law of Federal Courts § 52 (1970). Plaintiffs ground themselves in an asserted federal right, definition of which is certainly the province of the federal courts. Plaintiffs perhaps could have invoked the same right in the courts of California, but have not done so, and absent an ongoing proceeding sufficient to bring into play 28 U.S.C. § 2283, this choice will be respected. Rivers v. Royster, 360 F.2d 592 (4 Cir., 1966); see generally Major v. Ferdon, 325 F.Supp. 1141 (1971).

■■■ That the right to receive newspapers and magazines is part of the first amendment is beyond question; see: Sostre v. McGinnis, 442 F.2d 178 (2 Cir., 1971) (reversing much of the lower court decision [Sostre v. Rockefeller, D.C., 312 F.Supp. 863], but explicitly broadening the right of a prisoner to possess "constitutionally protected literature"); Jackson v. Godwin, 400 F. 2d 529 (5 Cir., 1968); Long v. Parker, 390 F.2d 816 (3 Cir., 1968); Pierce v. LaVallee, 293 F.2d 233 (2 Cir., 1961); Fortune Society v. McGinnis, 319 F. Supp. 901 (D.C., 1971); Gilmore v. Lynch, 319 F.Supp. 105 (D.C., 1970); Palmigiano v. Travisono, 317 F.Supp. 776 (D.C., 1970); Carothers v. Follette, 314 F.Supp. 1014 (D.C., 1970). Whether couched in terms of the rights explicitly listed in the first ten amendments, or in terms of equal protection, or in terms of constitutional reasonability, these cases are united on one point: prison rules must bear a reasonable relationship to valid prison goals, and rules which infringe upon particularly important rights will require a proportionately stronger justification. Gilmore v. Lynch, cit. supra 319 F.Supp. at 108–109.

The explanations offered by defendants for their total and absolute prohibition of protected literature are stated in over-inclusive terms and without consideration of reasonable rules concerning "time, place and manner". Jail cells are already filled with an abundance of materials quite suitable for fire starting and drain clogging; yet no one suggests that cells ought to be stripped of bedding, clothing, toilet paper, writing materials, and so on. Nearly all inmates have personal property; occasionally this might cause disputes, but this problem seems to be susceptible of control by less stringent measures than an absolute bar enforced against possession of such property. Finally, funds for purchase of newspapers and magazines can be managed in the same way such funds are disbursed for purchases of candy, cigarettes, and other commissary items.

Nothing in this opinion should be read to prevent the defendants from promulgating reasonable time, place, and manner restrictions on the receipt and use of reading materials in the San Mateo County Jail. Defendants may also take reasonable steps to prevent receipt of obscene materials, or reading matter which might pose an imminent threat to jail security.

■ Accordingly, it is hereby ordered that defendants be, and are, preliminarily enjoined from utilizing any rule, regulation, or practice to bar inmates of the main jail and medium security facility at the San Mateo County Jail from receiving by subscription, purchase, or gift, newspapers, magazines, or similar periodicals, and reading them at such times and in such places as may be reasonably deemed consonant with jail routine.

Execution of this Order is stayed for fifteen days to allow defendants to promulgate such reasonable regulations as are necessary to effect the terms of said Order.