INMATES OF SAN DIEGO COUNTY JAIL IN CELL BLOCK 3B and Jason Elliot Roman III, et al., Plaintiffs-Appellants,

v.

John DUFFY et al., Defendants-Appellees.

Nos. 75–1851, 75–1854.

United States Court of Appeals, Ninth Circuit.

Dec. 10, 1975.

Lewis A. Wenzell (argued), Federal Defenders, San Diego, Cal., for plaintiffs-appellants.

A. Anthony Albers, Deputy Counsel (argued), Office of County Counsel, Jerry J. Williams (argued), Brundage, Williams & Zellmann, San Diego, Cal., for defendants-appellees.

## OPINION

Before ELY and WRIGHT, Circuit Judges, and EAST,* Senior District Judge.

PER CURIAM:

The plaintiffs appeal from two orders of the District Court. The first denied a motion for preliminary injunctive relief. The second denied the certification of the cause as a class action under the appropriate provisions of Fed.R.Civ.P. 23.

For the reasons later stated, we conclude that this court has jurisdiction to review each of the orders. We vacate each of them and remand the cause.

---

* Honorable William G. East, Senior United States District Judge for the District of Oregon, sitting by designation.

On October 4, 1974, the original plaintiffs filed an "Application for Restraining Orders" *in propria persona* and later the Federal defenders of San Diego Company, Inc. were appointed to serve as attorneys for the petitioners.

On November 7, 1974, counsel filed a motion for preliminary injunctive relief from, *inter alia,* alleged infringements of the plaintiffs' First Amendment privileges and immunities through the unlawful censorship of incoming and outgoing mail and denial of access to reading materials.

The District Court denied the motion and we note jurisdiction under 28 U.S.C. § 1292(a)(1) to review the decision.

■ It is manifest to us that the District Court mistakenly applied the rationale and holdings in *Procunier v. Martinez,* 416 U.S. 396, 94 S.Ct. 1800, 40 L.Ed.2d 224 (1974) (*Martinez*), to the petitioning Inmates' status as short term pretrial criminal detainees. The status of the plaintiffs in *Martinez* was that of *convicted prisoners* under sentence to custody as distinguished from that of appellants who were short term detainees awaiting criminal action procedures but presumed to be innocent of crime. The sole reason for their detention was because of their inability to make bail. The District Court did not have the benefit of the subsequent decision in *Dillard v. Pitchess,* 399 F.Supp. 1225 (C.D.Cal. 1975) (*Dillard*), and we believe that the District Court should have the first opportunity to reconsider the motion for preliminary injunctive relief in the light of the rationale of *Dillard* and *Rhem v. Malcolm,* 507 F.2d 333 (2d Cir. 1974) (*Rhem*). *See also Payne v. Whitmore,* 325 F.Supp. 1191 (N.D.Cal.1971).

■ On November 22, 1974, the named plaintiffs fild a first amended complaint praying, *inter alia,* for themselves and a class of persons similarly situated for injunctive relief from the alleged First Amendment infringements as above and for money damages.

Five other named inmate plaintiffs moved for leave to intervene. The named plaintiffs sought orders:

(a) Severing the claims for declaratory and injunctive relief for trial to the court alone prior to the claims for monetary damages; and

(b) An order certifying the case conditionally as a class action as aforesaid.

The District Court denied the motions for severance, the certification of a class action, and intervention on the stated grounds that the cause "is one related predominantly to money damages and generally class management difficulties."

We are satisfied that the order denying the motion for certification of the cause as a class action is a final appealable order within the provisions of 28 U.S.C. § 1292(a)(1). *Gerstein v. Pugh,* 420 U.S. 103, 110–11 n.11, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975) (*Gerstein*); *Jones v. Diamond,* 519 F.2d 1090, 1097–98 (5th Cir. 1975) (*Jones*); and *Price v. Lucky Stores, Inc.,* 501 F.2d 1177, 1179 (9th Cir. 1974) (*Price*).

The District Court found that the average length of confinement of inmates is:

(a) 13.84 days for sentenced inmates.

(b) 6.48 days for non-sentenced inmates.

(c) 7.65 days for the overall average.

Hence, the recurring release of individual pretrial criminal detainees from custody may well have mooted each of the originally named plaintiffs' claims for injunctive relief before the District Court could have reasonably been expected to rule on a class certification motion. Thus, the issue of First Amendment privilege and immunity infringements during pretrial detention would forever "evade review." Accordingly, we hold that for the purposes of this case, the ultimate "certification [of a class action] can be said to 'relate back' to the filing of the complaint . . . ." *Sosna v. Iowa,* 419 U.S. 393, 402 n.11, 95 S.Ct. 553, 559, 42 L.Ed.2d 532 (1974) (*Sosna*).

*See also Frost v. Weinberger,* 375 F.Supp. 1312, 1318–19 (E.D.N.Y.1974); and *Gaddis v. Wyman,* 304 F.Supp. 713, 715 (S.D.N.Y.1969).

We recognize that the adverse class action determination by the District Court is discretionary *as to the factual aspects of the litigation.* *Price* at 1179. Nevertheless we are satisfied that the District Court erred as a matter of law in denying the motion for severance of the injunctive relief and considering the cause predominantly one for money damages. That denial had the conclusive effect of forestalling forever an adjudication of the detainee plaintiffs' claims for relief from alleged First Amendment infringements during pretrial detention. The motion for severance conclusively established that phase of the cause as predominantly for injunctive relief.

The court in *Jones* at 1097 said:

"Realistically, class actions are the only practicable judicial mechanism for the cleansing reformation and purification of these penal institutions. We therefore hold that where the denial of permission to proceed as a class is synonymous with the denial of the broad injunctive relief sought on the merits, and where the injunction is the primary purpose of the suit, the order is appealable under section 1292(a)(1) as an order 'refusing' an injunction."

In the interest of justice, we conclude that the District Court is entitled to the first opportunity to review the motions for severance and denial of the motion for the certification of the cause as a class action in light of *Dillard, Gerstein, Jones, Rhem,* and *Sosna.*

Accordingly the orders of the District Court denying the motion for preliminary injunctive relief and the certification of the cause as a class action, and each of them, are vacated and the cause remanded for reconsideration in light of the above cases.

Vacated and remanded.