Jerry **ROBINSON**, by his court-appointed **Attorneys and Advocates, on behalf of himself and others similarly situated, Plaintiffs,**

v.

**Mary Lee LEAHY, Acting Director, Illinois Department of Children and Family Services, et al., Defendants.**

**UNITED STATES ex rel. Jerry ROBINSON, Petitioner,**

v.

**Allyn SIELAFF, Director of Corrections, and Jay Robert Webber, Administrator of Field Services, Illinois Department of Corrections, Respondents.**

**No. 73 C 1939.**

United States District Court, N. D. Illinois, E. D.

Jan. 3, 1977.

Joan D. Levin, Chicago, Ill., for plaintiffs.

John Dienner, III, Asst. State's Atty., Richard L. Ryan, Special Asst. Atty. Gen., Chicago, Ill., for defendants.

## MEMORANDUM OPINION

FLAUM, District Judge:

Before the court are the plaintiff's motion for class certification and to compel discovery pertaining to the proposed class, and the defendant's renewed motion to dismiss for mootness. The gravamen of plaintiff's claim is that minors found to be neglected pursuant to Ill.Rev.Stat. ch. 37 § 702–4 (1975) placed under the guardianship of the Department of Children and Family Services (DCFS) who are also adjudicated to be delinquents pursuant to Ill. Rev.Stat. ch. 37, § 702–2 (1975) and remanded to the custody of the Illinois Department of Corrections pursuant to Ill.Rev. Stat. ch. 37, § 705–2 (1975) are entitled to individualized rehabilitative care and treatment which has been withheld by defendant Leahy and the DCFS without due process. The plaintiff contends that the defendant Leahy and DCFS have acted or refused to act on grounds generally applicable to all minors in the custody of the Department of Corrections, thus injunctive and declaratory relief is available. Fed.R.Civ.P. 23(b)(2). Plaintiff seeks to represent the following class:

All wards of the Circuit Court of Cook County Juvenile Division who have been adjudicated neglected under the Juvenile Court Act, Ill.Rev.Stat. ch. 37, § 702–4 and who have subsequently been charged in petitions for adjudication of wardship as delinquent minors under Ill.Rev.Stat. ch. 37, § 702–2.

It is undisputed that plaintiff was discharged from the custody of the Department of Corrections two months prior to the date of filing the motion for class certification. Thus at the time the motion to certify the class was filed, the plaintiff was no longer a member of the class he seeks to represent.[1]

Rule 23 authorizes "one or more members of a class" to sue as representative parties on behalf of others similarly situated, thus the person seeking certification as the named plaintiff must be a member of the class allegedly aggrieved. *See Hall v. Beals,* 396 U.S. 45, 90 S.Ct. 200, 24 L.Ed.2d 214 (1969); *Bailey v. Patterson,* 369 U.S. 31, 82 S.Ct. 549, 7 L.Ed.2d 512 (1962); *Jenkins v. Blue Cross Mutual Hospital Ins., Inc.,* 522 F.2d 1235 (7th Cir. 1975). This threshold requirement insures the vigorous prosecution of the case necessary to protect the interests of the unnamed class members who will be equally bound by a favorable or adverse decision in the named plaintiff's action. It is distinguishable from the requirement that the named plaintiff fairly and adequately represent the interests of the class, which focuses on the absence of antagonistic or conflicting interests between the named plaintiff and the class. *See e. g., Franks v. Bowman Transp. Co., Inc.,* 424 U.S. 747, 96 S.Ct. 1251, 47 L.Ed.2d 444 (1976); *Sosna v. Iowa,* 419 U.S. 393, 95 S.Ct. 553, 559, 42 L.Ed.2d 532 (1975). Robinson has no interests which are antagonistic to the unnamed class members as he has no interest whatsoever in the equitable relief requested.[2] Plaintiff's commitment to the custody of the Department of Corrections has terminated, and the risk that he will again be adjudicated a delinquent is too remote and speculative to be characterized as an interest in the declaratory and injunc-

1. Plaintiff's Complaint, filed on June 30, 1973 was brought as a class action and the allegations of deprivations of civil rights of those similarly situated are set forth therein. The Amended Complaint filed April 25, 1975 renews these class allegations. Thus the issue of resuscitating a moot individual action by subsequent amendment to include class allegations is not before the court. *See Cicchetti v. Lucey,* 514 F.2d 362 (1st Cir. 1975).

2. Plaintiff seeks class certification for the remaining claims of count I of the Amended Complaint, and prays for declaratory and injunctive relief for wards of DCFS in the custody of the Department of Corrections. Plaintiff does not seek money damages in the count for which class certification is requested. (Amended Complaint ¶ 76–86).

tive relief sought in the complaint. *Cf. Rizzo v. Goode*, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976); *O'Shea v. Littleton*, 414 U.S. 488, 94 S.Ct. 669, 38 L.Ed.2d 674 (1974). In a very real sense, the interests of the plaintiff in declaratory and injunctive relief are mooted by his release from custody, and in the absence of the class allegations, the plaintiff's action would be subject to dismissal. *Weinstein v. Bradford*, 423 U.S. 147, 96 S.Ct. 347, 46 L.Ed.2d 350 (1975); *Preiser v. Newkirk*, 422 U.S. 395, 95 S.Ct. 2330, 45 L.Ed.2d 272 (1975); *De Funis v. Odegaard*, 416 U.S. 312, 94 S.Ct. 1704, 40 L.Ed.2d 164 (1974). Thus the issue framed by these pleadings is whether a plaintiff whose claim is moot but who has alleged injury to a class of persons may be certified as the class representative. If such certification is proper, the interests of the class preclude dismissal of the moot plaintiff and permit adjudication of the class interest. *Sosna v. Iowa, supra.* If such certification is not proper, the named plaintiff's claim is moot and must be dismissed and the alleged class interest cannot be redressed in this action. *Pasadena City Board of Education v. Spangler*, 427 U.S. 424, 96 S.Ct. 2697, 49 L.Ed.2d 599 (1976). *Indianapolis School Commissioners v. Jacobs*, 420 U.S. 128, 95 S.Ct. 848, 43 L.Ed.2d 74 (1975).

■ By its terms, certifying a class with a moot named representative undercuts the "case or controversy" requirement of Article III which preserves the adversary nature of federal litigation and guarantees the vigorous prosecution of a federal lawsuit. *Muskrat v. United States*, 219 U.S. 346, 31 S.Ct. 250, 55 L.Ed. 246 (1911). Yet this situation was contemplated by the Supreme Court in *Sosna v. Iowa, supra,* wherein the court noted that a case or controversy must exist as to the named plaintiff at the time the class action is certified by the district court, but recognized that "there may be cases in which the controversy involving the named plaintiffs is such that it becomes moot as to them before the district court can reasonably be expected to rule on the certification motion." 419 U.S. 402, 95 S.Ct. 559 n.11. The propriety of certifying such a class must be

tested by the "reality of the claim that otherwise the issue would evade review." *Id.*

The *Sosna* exception is premised on the realities of our judicial system, implicitly recognizing that the interests of challengers to durational residency requirements, labor strikes, election provisions, abortion restrictions or welfare regulations are inherently short-lived and may terminate well before the district court "can reasonably be expected to rule on a certification motion." 419 U.S. 402, 95 S.Ct. 559 n.11. *See Dunn v. Blumstein*, 405 U.S. 330, 92 S.Ct. 995, 31 L.Ed.2d 274 (1972); *Super Tire Engineering Co. v. McCorkle*, 416 U.S. 115, 94 S.Ct. 1694, 40 L.Ed.2d 1 (1974); *Moore v. Ogilvie*, 394 U.S. 814, 89 S.Ct. 1493, 23 L.Ed.2d 1 (1969); *Roe v. Wade*, 410 U.S. 113, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973); *Rosario v. Rockefeller*, 410 U.S. 752, 93 S.Ct. 1245, 36 L.Ed.2d 1 (1973). *Cf. Frost v. Weinberger*, 515 F.2d 57 (2d Cir. 1975). These cases reason that all plaintiffs would be governed by the same time limitations, thus all plaintiffs would be barred from judicial relief as no plaintiff is better suited to present a live case or controversy at the time of class certification.

Since *Sosna* the court has identified one such case which is distinctly capable of repetition yet evading review, finding that certification of a class of pretrial detainees with a moot named representative does not foreclose appellate review. *Gerstein v. Pugh*, 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975). As the reasoning upon which the Court premised this suitable exception to the *Sosna* requirement of a case or controversy at the time of class certification is critical, the language of the Court is set forth verbatim.

At the time the complaint was filed, the named respondents were members of a class of persons detained without a judicial probable cause determination, but the record does not indicate whether any of them were still in custody awaiting trial when the District Court certified the class. Such a showing ordinarily would

be required to avoid mootness under *Sosna*. But this case is a suitable exception to that requirement. . . . (citations omitted). The length of pretrial custody cannot be ascertained at the outset and it may be ended at any time by release on recognizance, dismissal of the charges, or a guilty plea, as well as by acquittal or conviction after trial. It is by no means certain that any given individual, named as plaintiff, would be in pretrial custody long enough for a district judge to certify the class. Moreover in this case the constant existence of a class of persons suffering the deprivation is certain. The attorney representing the named respondents is a public defender, and we can safely assume that he has other clients with a continuing live interest in the case.

420 U.S. at 110, 95 S.Ct. at 861 n.11.

The first section of the *Gerstein* analysis focuses on the language of the *Sosna* exception and delineates its contours. The Court notes that pretrial detention is by nature temporary, and as the duration of confinement itself is uncertain, "it is by no means certain that any given individual, named as plaintiff, would be in pretrial custody long enough for a district judge to certify the class." 420 U.S. at 110, 95 S.Ct. at 861 n.11. This portion of the *Gerstein* analysis is consistent with *Sosna's* time oriented approach premised on the difficulty of obtaining class certification prior to expiration of the plaintiff's claim.[3] However, the *Gerstein* footnote appears to engraft further requirements on the availability of this *Sosna* exception for certification of a moot class representative which reflect the traditional rule 23 concerns for an identifiable class of persons aggrieved and adequate representation by counsel with a continuing relationship with the class. These factors test the overall interests of the class and its counsel to insure an adversary context for the litigation.

In reconciling these two approaches, the duration of plaintiff's claim analysis of *Sosna* and the duration of plaintiff's claim plus interest analysis of *Gerstein*, several courts have emphasized the interest oriented factors while others have emphasized the time oriented factors. *Compare Bradley v. Housing Authority of Kansas City*, 512 F.2d 626 (8th Cir. 1975) and *Tedeschi v. Blackwood*, 410 F.Supp. 34 (D.Conn.1976) *with Moore v. Matthews*, 69 F.R.D. 406 (D.Mass. 1975) and *Banks v. Multi-Family Management Inc.*, 406 F.Supp. 876 (E.D.Va.1975) and *Inmates of San Diego County Jail v. Duffy*, 528 F.2d 954 (9th Cir. 1975) and *McGill v. Parsons*, 532 F.2d 484 (5th Cir. 1976). However, all of these post *Gerstein* cases recognize that the threshold *Sosna* analysis testing the duration of the plaintiff's claim must be satisfied to permit certification of a moot plaintiff as a class representative.

The Court in *Sosna* cautioned that certification of a moot class representative must rest on the particular circumstances of each case. The determination that a plaintiff's claim would typically terminate prior to a ruling on the motion for class certification and thus evade review may be premised on specific factual data, or it may be premised on judicial recognition that the duration of the claim by its very nature is less than the time necessary to obtain class certification. *Compare Inmates of San Diego County Jail v. Duffy, supra*, and *Moore v. Matthews, supra, with Gerstein v. Pugh, supra*. In the instant case, a determination that the plaintiff's claim would necessarily terminate prior to class certification cannot be supported. Plaintiff Robinson has offered no evidence as to the typical duration of the claim, and Ill.Rev.Stat. ch. 37 § 705–2 (1975) grants sufficient flexibility to the sentencing judge that a juvenile may be remanded to the custody of the Department of Corrections for a period of weeks, months or years. The plaintiff himself was in the custody of the Department of Corrections for two years after the commencement of this action. Similarly, this court is unable to take judicial notice of the typical duration of a juvenile's claim, as post adju-

---

**3.** The Court's reliance on *Rivera v. Freeman*, 469 F.2d 1159 (9th Cir. 1972) further under-

scores the duration of the plaintiff's claim test adopted in *Sosna*.

dication custody, unlike pretrial detention, cannot be characterized as temporary in nature. Thus this court is unable to conclude that "it is by no means certain that any given individual named as plaintiff would be in . . . custody long enough for a district court to certify the class," and that finding is the cornerstone of the *Sosna-Gerstein* exception to the mootness doctrine. *Gerstein v. Pugh*, 420 U.S. at 110, 95 S.Ct. at 861 n.11. While it is possible that a juvenile may be remanded to the custody of the Department for a period of time less than that required to obtain class certification, nothing in the statutory scheme for disposition on adjudications of delinquency necessitates such a result.

The plaintiff argues that the factual circumstances of this case satisfy the *Gerstein* requirements for certification of a· moot class representative, thus certification is proper. This court cannot agree. As indicated above, the thrust of the *Gerstein* analysis is two-fold, the duration of the plaintiff's claim and the satisfaction of the rule 23 concerns for a tangible, well-represented class. The plaintiff may arguably satisfy the interest requirements of *Gerstein,* as there may be a class of juveniles with continuing representation by the attorneys of record in this case. However, these interest factors cannot be the sole test for proper certification of a moot class representative, as where these requirements are satisfied a motion for substitution or intervention with new named plaintiffs is uniquely available and particularly appropriate. *Cf. Nichols v. Schubert,* 71 F.R.D. 578 (E.D.Wis.1976). Rather plaintiffs seeking class certification under the *Sosna-Gerstein* exception should raise issues which would otherwise evade review because of the typical duration of the plaintiff's claim.[4] The instant plaintiff asserts a right to individualized treatment and care from DCFS for wards in the custody of the Department of Corrections. Nothing in the record, Juvenile Court Act, or pleadings of the parties

persuades the court that this claim evades review within the meaning of the *Sosna-Gerstein* exception.

The parameters of the "right to treatment" have yet to be formulated, thus an active class representative whose interest is coextensive with the interests of the class is essential to insure the adversary context necessary to foster prudent development in this emerging area of the law. Accordingly, plaintiff's motion to certify a class pursuant to rule 23 is DENIED, and the defendant's motion to dismiss count I of the amended complaint seeking declaratory and injunctive relief is GRANTED as plaintiff Robinson's claim is moot.

---

**4.** As they are not pertinent to the facts of this litigation those cases concerning mootness by intentional acts of defendants need not be examined. *See e. g., Jenkins v. United Gas Corp.,* 400 F.2d 28 (5th Cir. 1968); *Smith v. YMCA,* 316 F.Supp. 899 (M.D.Ala.1970); *Tedeschi v. Blackwood,* 410 F.Supp. 34 (D.Conn.1976).