Jerome LANGSON, by Jerome F. Goldberg, Conservator of the Person and Estate of Jerome Langson and his next friend, on behalf of himself and all others similarly situated, Plaintiffs,

v.

William E. SIMON, Secretary of the Treasury, in his official capacities as Secretary and Managing Trustee of the Board of Trustees of the Federal Old-Age and Survivors Insurance Fund and the Federal Disability Insurance Trust Fund, et al., Defendants.

No. 76 C 1668.

United States District Court, N. D. Illinois, E. D.

April 26, 1977.

---

Robert S. Berger, Sally T. Elson, James D. Weill, Legal Assistants Foundation, Chicago, Ill., for plaintiffs.

Samuel K. Skinner, U. S. Atty., Chicago, Ill., for defendants.

## MEMORANDUM OPINION

FLAUM, District Judge.

This action challenges the procedures of the Social Security Administration by which payments are made to eligible beneficiaries who have had "representative payees" named to receive their payments pursuant to 42 U.S.C. § 405(j). Plaintiff alleges that his constitutional and statutory rights have been violated by the Administration's delay in designating a new representative payee to receive his checks after the previous representative payee ceased acting in that capacity. Plaintiff seeks declaratory and injunctive relief preventing defendants from unreasonably delaying his monthly benefits and requiring defendants to promulgate new regulations to insure that no delays would reoccur by their failure to name promptly new representative payees.

Presently before the court are: (1) defendants' motion to dismiss, or in the alternative, for summary judgment; and (2) plaintiff's motion for class certification.

## I. Defendants' Motion to Dismiss or for Summary Judgment

Defendants' premise their motion on three grounds: (A) that this court lacks subject matter jurisdiction over plaintiff's complaint; (B) that this cause is moot; (C) that plaintiff is not entitled to the relief he seeks.

### A. Subject Matter Jurisdiction

■ Plaintiff has sought to predicate jurisdiction of this cause in this court on the basis of the Administrative Procedure Act, 5 U.S.C. §§ 701 *et seq.*; 28 U.S.C. §§ 1331 (federal question jurisdiction), and 1361 (mandamus jurisdiction); and 42 U.S.C. § 405(g) (review of Social Security Administration actions). While this court agrees with defendant that *Califano v. Sanders,* No. 75–1443, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977), puts an end to the contention that the Administrative Procedure Act § 10, 5 U.S.C. §§ 701–06, is an independent source of federal subject matter jurisdiction for purposes of challenging federal agency action, this court cannot accept defendants' position that this court is without any jurisdictional authority to consider plaintiff's claims. First, as to plaintiff's constitutional claim that the defendants' procedures violate the fifth amendment due process clause, jurisdiction must be found or else no forum will exist whereby plaintiff could present his challenge. Thus, as the Court in *Califano v. Sanders, supra,* recognized:

> [W]hen constitutional questions are in issue, the availability of judicial review is presumed, and we will not read a statutory scheme to take the "extraordinary" step of foreclosing jurisdiction unless Congress' intent to do so is manifested by "clear and convincing" evidence. . . .
> *Johnson v. Robison,* 415 U.S. 361, 366–67, 94 S.Ct. 1160, 39 L.Ed.2d 389 (1974).

*Id.* at 109, 97 S.Ct. at 986. And, whether jurisdiction is predicated on 42 U.S.C. § 405(g) as it was in *Weinberger v. Salfi,* 422 U.S. 749, 95 S.Ct. 2457, 45 L.Ed.2d 522 (1975) and *Mathews v. Eldridge,* 424 U.S. 319, 96 S.Ct. 893, 47 L.Ed.2d 18 (1976), or under 28 U.S.C. § 1331,[1] defendants have

---

1. Although *Califano v. Sanders,* No. 75 C 1443, 430 U.S. 99, 97 S.Ct. 980, 51 L.Ed.2d 192 (1977), appeared to state that 42 U.S.C. § 405(g) provided the exclusive jurisdictional grant for challenges to Social Security Administration actions, *id* at 7, *Sanders* involved a denial of "eligibility" while the case at bar merely challenges agency procedures. And, since 42 U.S.C. § 405(h), the provision making

section 405(g) the exclusive jurisdictional grant, provides that:

> No action against the United States, the Secretary, or any officer or employee thereof shall be brought under section 41 of Title 28 *to recover* on any claim arising under this subchapter.

*id.* (emphasis supplied), in a case such as this where the action does not seek a "recovery"

not presented clear and convincing evidence of a congressional intention to deny all federal court review of agency procedures such as those presented herein.

Moreover, as to plaintiff's statutory allegations, as well as the aforementioned constitutional challenges, this court is of the opinion that mandamus jurisdiction is present. 28 U.S.C. § 1361. *See Wright v. Mathews,* No. 75 C 1537 (N.D.Ill., May 4, 1976); *Tidwell v. Weinberger,* Nos. 73 C 3014 and 74 C 183, at 7, 7–8 n.4 (N.D.Ill., June 23, 1976) (3-judge panel). And, since plaintiff alleges "(1) a clear right in the plaintiff to the relief sought; (2) a plainly defined and peremptory duty on the part of the defendant[s] to do the act in question; and (3) no other adequate remedy available," mandamus jurisdiction has been raised by the pleadings.[2] *City of Highland Park v. Train,* 519 F.2d 681, 691 (7th Cir. 1975), quoting *Lovallo v. Froehlke,* 468 F.2d 340, 343 (2d Cir. 1972), *cert. denied,* 411 U.S. 918, 93 S.Ct. 1555, 36 L.Ed.2d 310 (1973). *See also Holmes v. United States Bd. of Parole,* 541 F.2d 1243, 1247–49 (7th Cir. 1976).

Therefore, this court holds that subject matter jurisdiction exists over plaintiff's allegations that the defendants' delay in appointing a new representative payee violates the provisions of the Social Security Act and the fifth amendment.

### B. Mootness

■ Defendants argue that because a representative payee was named by the defendants for plaintiff on May 6, 1976, and Social Security payments to plaintiff were resumed on May 11, 1976, there exists no present case or controversy between the parties and the cause is now moot. However, even conceding that the plaintiff's personal claim is presently moot, because the present action involves class allegations and a class is properly certifiable in this cause, plaintiff can continue to present the claims delineated in this suit. *See* section II *infra.*

### C. Failure to State a Claim and Request for Summary Judgment

■ Defendants contend that plaintiff's complaint fails to state a claim for relief and that summary judgment at this time is appropriate. However, plaintiff's complaint sufficiently alleges a constitutional and statutory violation and further discovery is needed before this court can properly rule on a summary judgment motion. Therefore, this request for judgment by defendants is denied.

Accordingly, defendants' motion to dismiss is denied.

### II. Plaintiff's Motion for Class Certification

Plaintiff has moved to certify a class in this suit consisting of

all present and future beneficiaries of O.A.S.D.I. (Social Security) benefits residing in Region V, . . . who are eligible for Social Security benefits and have had, are having or will have one or more monthly benefit checks suspended by defendants and paid to no one on their behalf, solely because the representative payees previously designated to receive their benefits have chosen or will choose to discontinue fulfilling their obligations as representative payees or have been or will be removed as representative payees or have otherwise ceased to continue acting as representative payees.

Certification is sought pursuant to Fed.R. Civ.P. 23(b)(2) since plaintiff alleges that the defendants have acted on grounds generally applicable to the class and injunctive and corresponding declaratory relief is sought.

■ Initially, it should be noted that even assuming that plaintiff's claim is pres-

---

but merely to correct inadequate procedures, section 405(g) may not be exclusive and section 1331 jurisdiction might lie. Moreover, in light of Pub.L.No. 94–574 (Oct. 21, 1976), the $10,-000 jurisdiction amount might not be required even for suits filed prior to its enactment. The court, however, need not reach all these issues at this time.

**2.** *Califano v. Sanders, supra,* is not to the contrary since that case did not involve a mandamus issue.

ently moot, the decisions in *Sosna v. Iowa,* 419 U.S. 393, 95 S.Ct. 553, 42 L.Ed.2d 532 (1975) and *Gerstein v. Pugh,* 420 U.S. 103, 95 S.Ct. 854, 43 L.Ed.2d 54 (1975) established that class certification is appropriate in the present situation. As this court recently discussed in *Robinson v. Leahy,* 73 F.R.D. 109 (N.D.Ill.1977), the decisions in *Sosna* and *Gerstein* create an exception to the traditional "case or controversy" requirement when a controversy exists at the time a suit is filed and the "controversy involving the named plaintiffs is such that it becomes moot as to them before the district court can reasonably be expected to rule on the certification motion." 73 F.R.D. at 112, quoting *Sosna v. Iowa, supra,* 419 U.S. at 402 n.11, 95 S.Ct. 553. The Supreme Court in *Gerstein* amplified this exception to the mootness doctrine by requiring that before a class could be certified the named plaintiff whose case became moot had to establish that it was certain that there existed a continuous class of persons suffering the deprivation alleged and that the attorneys representing the named plaintiff were sufficiently interested in the problems of the plaintiff and his class to insure proper representation. 73 F.R.D. at 112–13.

In the case at bar the named plaintiff falls within the ambit of the *Sosna-Gerstein* exception to the mootness doctrine. First, it is clear that the nature of plaintiff's claim is such that it is unlikely that a court can rule on a class certification motion prior to the named plaintiff's claim becoming moot. As the defendants point out, the delays in making payments are relatively short in most cases and, like in *Gerstein,* the length of delay cannot be ascertained at the time any suit is filed. Moreover, defendants are in the unique position of being able to prevent any suit raising the allegations of plaintiff's complaint from ever being litigated with a nonmoot named plaintiff. Thus, in the case at bar, four days after the suit was filed plaintiff, who had waited months for a welfare check, finally received payment. This ability to "moot out" any individual plaintiff makes the present suit one particularly capable of repetition yet evading review.

Second, it is also apparent that there will always be members of the proposed class who will not be receiving their Social Security benefits because of the defendants' failure to name new representative payees. Furthermore, plaintiff's counsels are members of the Legal Assistance Foundation of Chicago, experienced in welfare class action litigation such as this, and therefore are highly interested in and capable of adequately representing the proposed class.

Therefore, plaintiff may continue as the named class representative even though his original individual claim may now be moot.

■ As to the specific requirements for class certification under Fed.R.Civ.P. 23(a) and (b)(2), this court is of the opinion that a proper class can be certified at this time. Although this court agrees that the class as drawn by plaintiff is overbroad in as much as *Mathews v. Diaz,* 426 U.S. 67, 96 S.Ct. 1883, 1887 n.3, 48 L.Ed.2d 478 (1976), precludes the plaintiff from representing any Social Security beneficiaries who may in the future have their benefits delayed, a proper class consists of and is hereby certified as to all those individuals presently facing delays in receiving their payments by the defendants' failure to promptly name new representative payees.

■ Furthermore, while the court agrees with defendants that the individual cases of each beneficiary might differ in certain particulars, there are still sufficient common questions of fact and law making a Fed.R.Civ.P. 23(b)(2) class appropriate. Thus, plaintiff alleges that in relation to all beneficiaries who have representative payees, any delay in naming a new payee violates their rights. While at a later date it may appear that subclasses must be formed because of various factual differences between the class members, at the present time a class may be certified.

Accordingly, plaintiff's motion for class certification is granted as to all beneficiaries who are presently having delays in receiving their benefits due to defendants'

**461**

failure to designate new representative payees.[3]

Therefore, defendants' motion to dismiss is denied and plaintiff's motion for class certification is granted as modified.

It is so ordered.

---

3. Defendants have raised the issue of class notice at this time. However, the court shall not rule on the request presently in light of its narrowing of the plaintiff's proposed class. After reviewing the present decision the defendants may renew their request.